In the Matter of the Claim of GEORGE SWEETING, Respondent, against AMERICAN KNIFE COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award for facial disfigurement — when such an award may be sustained.**

Under the provision of the Workmen's Compensation Law (Cons. Laws, ch. 67, § 15, subd. 3) permitting an award for injury resulting in serious facial or head disfigurement, the industrial commission may make a valid award for facial disfigurement if it impairs the ability of the injured person to obtain work, and in the absence of any finding of fact negativing such impaired ability, the award should be sustained.

*Matter of Sweeting* v. *American Knife Co.*, **186** App. Div. 926, affirmed.

(Argued January 7, 1919; decided Apr1 8, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William H. Foster* for appellants. The theory of the New York law is not indemnity for loss of a member or physical impairment as such, but compensation for disability to work, made on the basis of average weekly wages. (*Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Winfield*, 216 N. Y. 284; *N. Y. C. R. R.* v. *White*, 243 U. S. 188.) An award for disfigurement is not compensation, but damages. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Erie R. R. Co.* v. *Linnekogel,* 248 Fed. Rep. 389.) An award for disfigurement being damages, and not compensation, deprives the

employer, without fault, of property rights without due process of law. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *N. Y. C. R. R. Co.* v. *White*, 243 U. S. 188; *Noble State Bank* v. *Haskell*, 219 U. S. 104.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The award for facial disfigurement was properly made. (*Erickson* v. *Preuss*, 223 N. Y. 365; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

CARDOZO, J. The claimant was employed in the grinding department of the American Knife Company. The explosion of an emery wheel destroyed the bridge of his nose, giving him what is commonly called a flat nose, with deep scars upon his face. The state industrial commission made an award of $2,500 for serious facial disfigurement. Subdivision 3 of section 15 of the Workmen's Compensation Law (Cons. Laws, chap. 67) (as amended in 1916) provides that " in case of an injury resulting in serious facial or head disfigurement the commission may in its discretion, make such award or compensation as it may deem proper and equitable, in view of the nature of the disfigurement, but not to exceed $3,500." The employer and the insurance carrier insist that this provision of the statute is unconstitutional and void.

The argument is that the purpose of the amendment is to compensate the workman for injuries that have no relation to his earning power. If that were in truth the purpose, the statute would still be valid (*Matter of Erickson* v. *Preuss*, 223 N. Y. 365). The Constitution (Art. 1, section 19) authorizes the adoption of a system of insurance to compensate employees for injuries without regard to fault. Insurance against pain of mind and body is as legitimate, if the amount is kept within the bounds of moderation, as insurance against loss of earn-

ings. It is of no moment that some other measure of compensation may have prevailed in the past. The Constitution does not stereotype the forms of legislation. The common law gave the workman compensation for pain and suffering, as well as for loss of earnings, when the employer was at fault. The statute takes that remedy away, and substitutes insurance within prescribed limits, irrespective of fault. Pain and suffering are part of the risks of the employment. The legislature may make them part of the risks of the insurance. The one restriction on its power is that the burden must be reasonable (*Mountain Timber Co.* v. *Washington*, 243 U. S. 219, 240, 241; *N. Y. Central R. R. Co.* v. *White*, 243 U. S. 188, 207).

The statute would stand, therefore, though facial disfigurement were unrelated to loss of earnings. But in truth it *is* related, and so the legislature must have found. One cannot defeat a statute by a presumption that in its enactment the truths of life have been ignored. The presumption is, on the contrary, that they have been perceived and heeded. But one of the truths of life is that serious facial disfigurement has a tendency to impair the earning power of its victims. In some callings it would rule out altogether an applicant for employment. In most it would put him at a disadvantage when placed in competition with others. There may, of course, be individual instances of disfigurement without impairment of earning power. That is true also where there has been the loss of a finger or a foot or an eye. Lawmakers framing legislation must deal with general tendencies. The average and not the exceptional case determines the fitness of the remedy.

The argument is made, however, that the findings are defective. If the purpose of the statute is to compensate for loss of earnings, there should be a finding, it is said, that the result of the claimant's disfigurement will be diminished earning power. One might as well

argue that without a like finding there could be no recovery for the loss of a finger or a foot or an eye. The commission has found that there has been serious facial disfigurement, and that an award of $2,500 is fair and equitable. Those are the ultimate facts to be embodied in the decision. The capacities and opportunities of the individual claimant have at the utmost an evidential value. It is true that the commission has a wide discretion, and in fixing a fair and equitable compensation it may inquire into all the circumstances that will help to guide its judgment. But those circumstances, however pertinent as evidence, have no place in the findings. The mutilated face, like the mutilated arm or leg, is the capital fact upon which liability depends. The injury alone, without other proof of loss, makes out the claimant's handicap in the struggle of existence. Given the fact of injury, the commission is to assess the damages. The presumption is that all relevant circumstances have been weighed in the assessment. These findings, therefore, would be adequate even if the commission were a court. But in truth it is not a court, and the niceties of code practice have no place in its procedure. Its decision states the facts essential to liability. No more should be exacted.

There is nothing in the point that the extent of compensation must be determined by a jury. The Constitution authorizes " the adjustment, determination and settlement, with or without trial by jury, of issues which may arise under such legislation " (Constitution, art. 1, sec. 19). The award is not redress for a tort. It is an allotment to an insured workman of his proportion of a fund maintained for his insurance (*Mountain Timber Co.* v. *Washington, supra*, at p. 235). · Nor does the statute become invalid because the commission has some discretion in fixing the amount. The legislature may provide for such a method of " adjustment, determination and settlement " as it will. There is reason for the

distinction which it has drawn between facial disfigurement and other injuries, though the reason is hardly our concern. Some injuries, as for instance the loss of a limb, may be so defined and classified that the appropriate compensation may with a fair average of justice be estimated in advance. But cases of disfigurement have their special problems. It is difficult, if not impossible, to define and classify the injuries. A flexible compensation makes for justice alike to employer and to workman. It is not important that a lump payment is exacted. That may be done in other cases (Workmen's Compensation Law, sec. 27). The payment is not made by the employer himself, if he insures in the state fund, except to the extent of the premium which he pays for his insurance (Secs. 50, 53). It is a charge upon the fund. He may, of course, be a self-insurer, or pay his premiums to an insurance company (Sec. 50), but that is only at his option.

The statute is constitutional, and the proceedings under it have been regular.

The order should be affirmed with costs.

POUND, J. (concurring). I concur in the result. The compensation awarded to the employee under the Workmen's Compensation Law is based on loss of earning power. An allowance for serious facial or head disfigurement so far as such disfigurement has no relation to disability, is an anomaly. (*Matter of Marhoffer* v. *Marhoffer,* 220 N. Y. 543.) The language of the opinion in the *Erickson Case* (223 N. Y. 365–368), "The commission may now make an award for serious facial or head disfigurement, *even though such disfigurement does not diminish or impair the earning capacity of the claimant,*" is unnecessarily broad and might have been limited to the language of the act itself, which does not include the words italicized.

Doubtless the general language of the New York Constitution (Art. 1, sec. 19) would permit us to uphold

a statute which awards compensation to employees for *all* industrial injuries, without trial by jury, but the theory of the Compensation Acts is that the community rather than the injured workman should carry the burden of *impaired earning capacity* due to accident. If that theory is extended to cases where the injured man can still work and get work and an administrative board is permitted to assess the damages, a new problem is introduced as to the limits of legislative power (U. S. Const. Amend. 14) and the reasonableness of the burden, the solution of which is not so easy. (*N. Y. Central R. R. Co.* v. *White*, 243 U. S. 188, 202, 203.)

Serious facial or head disfigurement may leave one *able* to work and *unable* to get work. Employers might refuse to employ a disfigured man in his trade either from lack of confidence in his unimpaired ability or because it would be unpleasant for others to work beside him or unprofitable to have him meet the customers. A woman whose hair had been torn off or whose face was badly scarred might be so repulsive to the eye that no one would employ her and yet be as competent as ever to do her work. In a lesser degree, the seriously disfigured face or head of a man might lead to discrimination against him. The House of Lords in *Ball* v. *Hunt & Sons* ([1912] A. C. 496), upholding an award for such injuries, said: " The injury for which the statute gives compensation is not mutilation or disfigurement or loss of physical power, but loss or diminution of the capacity to earn wages." The New York statute, by mentioning facial injuries, merely makes plain what the English act leaves to interpretation. If this award for disfigurement is placed on the broad ground of impaired ability *to get work*, no violence is done to the purpose of the act. In the absence of a finding of fact negativing such impaired ability on the facts in this case, the award should be sustained. (W. C. L. § 21.) The order should be affirmed, with costs.

MCLAUGHLIN and ANDREWS, JJ., concur with CAR-
DOZO, J.; HISCOCK, Ch. J., and POUND, J., concur in
result in memorandum by POUND, J.; CHASE and HOGAN,
JJ., vote to remit case to industrial commission for
further hearing because of absence of findings showing
that disfigurement has resulted in loss of earning power
or of ability to obtain employment.

Order affirmed.