# NEW YORK CENTRAL RAILROAD COMPANY *v.* BIANC.

# AMERICAN KNIFE COMPANY ET AL. *v.* SWEETING.

# CLARK KNITTING COMPANY, INC., ET AL. *v.* VAUGHN.

ERROR TO THE SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, OF THE STATE OF NEW YORK.

Nos. 374–376. Argued October 22, 23, 1919.—Decided November 10, 1919.

The amendment to the New York Workmen's Compensation Law (*cf. New York Central R. R. Co.* v. *White*, 243 U. S. 188,) providing that, in case of an injury resulting in serious facial or head disfigurement, the commission may, in its discretion, make such award or compensation as it may deem proper and equitable, in view of the nature of the disfigurement, but not to exceed $3,500 (Laws 1916, c. 622,) is not an arbitrary or oppressive exercise of the police power and does not deprive the employer of property without due process in violation of the Fourteenth Amendment. P. 600.

In providing for the compensation of workmen injured in hazardous industries, the State need not base it exclusively on loss of earning power. P. 601.

Whether an award for such disfigurement should be made in combination with or independently of the award for mere inability to work, and whether the compensation should be paid in a single sum or in instalments, are matters of detail for the State to determine. P. 603.

226 N. Y. 199, affirmed.

THE cases are stated in the opinion.

*Mr. Robert E. Whalen,* with whom *Mr. Frank V. Whiting* was on the brief, for plaintiff in error in No. 374:

The additional award is wholly unrelated to claimant's ability to work.   There is not the slightest intimation that the disfigurement has impaired claimant's earning capacity beyond the period for which he was awarded a separate amount for the entire period of disability.   Moreover, when that award was made, plaintiff had returned to work.

Only impairment of earning power justifies compulsory payment of workmen's compensation for disabling or fatal injuries inflicted without fault.   *New York Central R. R. Co.* v. *White,* 243 U. S. 188, 203–206; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219, 236, 239, 243. This court has pointed out that "compensation for disabling and fatal injuries irrespective of the question of fault" was involved in the decisions of the cases which sustained the New York and the Washington Acts.   *Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152, 163. Mr. Justice Pitney, writing for the majority in *Arizona Employers' Liability Cases, ante,* 400, 425, affirmed the power of the people of Arizona to erect safeguards against "leaving the injured ones, and the dependents of those whose lives are lost, through accidents due to the conditions of the occupation, to be a burden upon the public."   And at p. 428 he adverted to the sovereign power thus to regulate the conduct of those hazardous industries in which "human beings  .  .  .  in the pursuit of a livelihood must expose themselves to death or to physical injuries more or less disabling, with consequent impoverishment, partial or total, of the workman or those dependent upon him."

In *Ball* v. *William Hunt & Sons, Ltd.,* [1912] App. Cas. 496, cited in Mr. Justice Holmes' concurring opinion in the *Arizona Case,* p. 433, Lord Shaw of Dunfermline declared that "the theory and datum upon which such compensation proceeds is that of compensation for injury to the worker as a wage-earner, and it is the incapacity to

earn a wage which forms the standard upon which the compensation is reckoned." (P. 507.)

In the *Arizona Case*, p. 426, a feature of the Arizona Act which was considered to be an element of guaranty of due process was the provision for trial of issues of fact and assessment of damages before a constitutional jury, in a judicial tribunal, in accordance with long established modes and ordinary processes of law—"substantially the common law method." In the case at bar no such safeguard was vouchsafed. Due process of law, however, contemplates that damages, as distinguished from compensation for loss or diminution of earning power during hazardous employment, shall be fixed and awarded, if at all, by a jury and not by a board. Damages, when awarded, must represent the deliberate judgment of a tribunal vested with and exercising judicial functions, not the determination of a body which is clothed with statutory power to proceed as summarily as a court-martial. (§§ 20, 68, N. Y. Workmen's Compensation Act.) See *Erie R. R. Co.* v. *Linnekogel*, 248 Fed. Rep. 389, 392.

The disfigurement clause is not a reasonable exercise of the police power. *White Case, supra*, pp. 206, 207; *Mountain Timber Co. Case, supra*, 238, 243; *Arizona Case, supra*, 420–422.

If, as recognized at p. 207 of the opinion in the *White Case*, the New York Act is not, nor is it asserted to be, a measure in furtherance of health or safety, it remains simply to inquire whether the disfigurement clause has any reasonable relation to the general welfare. The question carries its own answer, since, once adequate provision has been made for loss or diminution of earning capacity, it is of no public concern whether the claimant shall or shall not receive a further award for impairment of good looks not in any wise related to earning power. Repeatedly it has been stated in cognate terms that the subject of judi-

cial inquiry, in such a case as this, is whether the statute under consideration "is arbitrary and unreasonable, from the standpoint of natural justice" (*White Case*, p. 202); or "so entravagant or arbitrary as to constitute an abuse of power" (*Mountain Timber Co. Case*, p. 237.) Such was the test applied in determining the validity of the Arizona Act.

There being no claim that any element of public health or of public safety is involved, and no real consideration of public welfare being presented, it follows that the clause in question is fairly to be characterized as unreasonable and fundamentally unjust.

The question here presented is an open one.

*Mr. William H. Foster,* for plaintiffs in error in Nos. 375 and 376, argued that an award for disfigurement is not compensation but damages (*New York Central R. R. Co.* v. *White,* 243 U. S. 188, 193; *Matter of Erickson* v. *Preuss,* 223 N. Y. 365, 368); and that the previous decisions of this court upholding compensation laws were based on loss of earning power and the tendency of disablement or death of workmen to render them, or their dependents, burdens on the public charity. In this case there was an entire absence of relation between the disfigurement and loss of earning power, though it is probably true that a person who has a disfigurement may have suffered pain and acquired a certain timidity. An award for mere disfigurement is not within the police power as tested by the previous decisions of this court, because the mere disfigurement is not a matter affecting the public interest.

*Mr. E. C. Aiken,* Deputy Attorney General of the State of New York, with whom *Mr. Charles D. Newton,* Attorney General of the State of New York, was on the briefs, for the State Industrial Commission.

MR. JUSTICE PITNEY delivered the opinion of the court.

: The Workmen's Compensation Law of the State of New York (c. 816, Laws 1913, as amended and reënacted by c. 41, Laws 1914; Cons. Laws, c. 67), which was sustained by this court against attacks based upon the Fourteenth Amendment in *New York Central R. R. Co.* v. *White*, 243 U. S. 188, was amended by Laws 1916, c. 622, among other things by inserting in the 15th section, which contains the schedule of compensation for cases of disability, a clause reading as follows: "In case of an injury resulting in serious facial or head disfigurement the commission may in its discretion, make such award or compensation as it may deem proper and equitable, in view of the nature of the disfigurement, but not to exceed three thousand five hundred dollars."

The present writs of error bring up for review three judgments of the Court of Appeals of that State, affirming orders of the Supreme Court, Appellate Division, Third Judicial Department, in which awards based upon this amendment were sustained. The opinion of the Court of Appeals, applicable to all of the cases, is reported under the title of *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199.

In each case the Commission found accidental injuries sustained by an employee in a hazardous occupation, arising out of and in the course of the employment, and, as a result of the injury, some serious facial or head disfigurement, or both. In each case an award was made on account of such disfigurement irrespective of the allowance of compensation according to the schedule based upon the average wage of the injured employee and the character and duration of the disability.

The sole contention here is that the amendment of 1916, as thus carried into effect, deprives the respective plaintiffs

in error of property without due process of law, in contravention of the Fourteenth Amendment.

The argument is that an award for disfigurement, made wholly independent of claimant's inability to work, is not based upon impairment of earning power; that only such impairment can justify imposing upon an employer without fault compulsory payment by way of compensation to an injured workman; and hence that the "disfigurement clause" is not a reasonable exercise of the police power, but is arbitrary and oppressive.

In view of our recent decisions sustaining state laws imposing upon employers in the hazardous industries responsibility in one form or another for the consequences of injuries received by employees in the course of the employment in the absence of fault on the employer's part (*New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Arizona Employers' Liability Cases, ante,* 400), little need now be said.

Even were impairment of earning power the sole justification for imposing compulsory payment of workmen's compensation upon the employer in such cases, it would be sufficient answer to the present contention to say that a serious disfigurement of the face or head reasonably may be regarded as having a direct relation to the injured person's earning power, irrespective of its effect upon his mere capacity for work.

Under ordinary conditions of life, a serious and unnatural disfigurement of the face or head very probably may have a harmful effect upon the ability of the injured person to obtain or retain employment. Laying aside exceptional cases, which we must assume will be fairly dealt with in the proper and equitable administration of the act, such a disfigurement may render one repulsive or offensive to the sight, displeasing, or at least less pleasing, to employer, to fellow employees, and to patrons or custom-

ers.　See *Ball* v. *Wm. Hunt & Sons, Ltd.*, [1912] App. Cas. 496.

But we cannot concede that impairment of earning power is the sole ground upon which compulsory compensation to injured workmen legitimately may be based.　Unquestionably it is a rational basis, and it is adopted for the generality of cases by the New York law.　But the Court of Appeals has construed the 1916 amendment as permitting an allowance for facial or head disfigurement although it does not impair the claimant's earning capacity.　*Matter of Erickson* v. *Preuss*, 223 N. Y. 365, 368; and see opinion of Judge Cardozo in the present case, 226 N. Y. 199, 200.　In view of this, and there being no specific finding of such impairment in these cases, it is proper to say that in our opinion the "due process of law" clause of the Fourteenth Amendment does not require the States to base compulsory compensation solely upon loss of earning power.

The New York law as at first enacted, the Washington, and the Arizona laws presented for our consideration three different methods adopted for the purpose of imposing upon the industry the burden of making some compensation for the human wastage attributable to the hazards of the work.　We were unable to find that any of these ran counter to the "due process" clause.　Nor does that provision debar a State from adopting other methods, or a composite of different methods, provided the result be not inconsistent with fundamental rights.　As was stated in the *Arizona Case, ante,* 429: "If a State recognizes or establishes a right of action for compensation to injured workmen upon grounds not arbitrary or fundamentally unjust, the question whether the award shall be measured as compensatory damages are measured at common law, or according to some prescribed scale reasonably adapted to produce a fair result, is for the State itself to determine." And we see no constitutional reason why a State may not,

in ascertaining the amount of such compensation in particular cases, take into consideration any substantial physical impairment attributable to the injury, whether it immediately affects earning capacity or not.

For the reasons thus outlined, it was not unreasonable, arbitrary, or contrary to fundamental right to embody in the New York Workmen's Compensation Law a provision for a special allowance of compensation for a serious disfigurement of the face or head. Nor is there any ground for declaring that the allowance prescribed by the 1916 amendment exceeds the constitutional limitations upon state power.

Whether an award for such disfigurement should be made in combination with or independent of the compensation allowed for the mere inability to work is a matter of detail for the State to determine. The same is true of the question whether the compensation should be paid in a single sum, or in instalments. *Arizona Employers' Liability Cases, ante,* 400, 429.

*Judgments affirmed.*

MR. JUSTICE McREYNOLDS dissents.