Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of VINCENZA FRANCO, Respondent, for Compensation under the Workmen's Compensation Law, v. LE ROY EMBROIDERY COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD., Insurance Carrier, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of *Scanlon* v. *Herald Co.* (201 App. Div. 173), handed down May 3, 1922. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of WILLIAM YOUNG, Respondent, for Compensation under the Workmen's Compensation Law, v. WARD BAKING COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD., Insurance Carrier, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board, on the authority of *Matter of Sweeting* v. *American Knife Co.* (226 N. Y. 199).

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of BENJAMIN D. HALPERIN, Respondent, for Compensation under the Workmen's Compensation Law, v. EAGLE PENCIL COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD., Insurance Carrier, Appellants.— Award reversed and claim dismissed, on the ground that there is no evidence of disability for which the award was made, with costs against the State Industrial Board. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of MAGGIE VERNAVA, Respondent, for Compensation under the Workmen's Compensation Law, by Reason of the Death of ROCCO VERNAVA, Deceased, v. JOSEPH MARRONE, Employer, and MARYLAND CASUALTY COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, by MARGARET MCNEIL, Respondent, for the Death of FRANK MCNEIL, v. CARSO PAPER COMPANY, Employer, and UTICA MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.— Motion granted, unless, within thirty days, the appellants perfect appeal, in which event motion is denied.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by FLORENCE M. OTTERSTEDT, Widow, on Behalf of Herself and Minor Children, Respondent, on Account of the Death of CHARLES E. OTTERSTEDT, Deceased, v. LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Employer and Self-Insurer, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim