(No. 14589.—Judgment affirmed.)

THE FRANK W. WILLIAMS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LEOPOLD PALUCH, Defendant in Error.)

*Opinion filed June 21, 1922.*

1. WORKMEN'S COMPENSATION—*an award for disfigurement of hand does not depend on loss of earning power.* The statute does not require that there shall be a showing of loss of earning power before compensation can be made for a permanent and serious disfigurement of the hand.

2. SAME—*what does not show that capacity to earn has not been reduced.* Although the evidence in a proceeding for compensation for a disfigured hand shows that the injured employee is earning more at the time of the hearing than he earned when he was injured, it does not follow, as a proposition of law, that his capacity to earn has not been reduced.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for plaintiff in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Cook county confirming an award of the Industrial Commission awarding compensation to Leopold Paluch for a serious and permanent disfigurement to the hand.

Paluch was employed by plaintiff in error, which is a manufacturer of picture frames. He is married and has two children under the age of sixteen years. December 3, 1919, the end of the index finger on his right hand was cut by a rip-saw. Dr. John B. Jack testified that he treated the injured hand; that an X-ray examination revealed a fracture of the terminal phalange without displacement of

the fragments and without loss of any part of the bone; that the injured finger healed, and that on the date of the hearing there was a scar extending across the end of the finger, which was slightly discolored; that the nail-forming tissue was destroyed by the injury and that there remain two small fragments of nail, each about twice as large as a pin's head; that because of the loss of flesh from the end of the finger it has a slightly crooked appearance; that there is approximately a quarter of an inch of the finger gone; that there is no impairment of the joint function and that there is no involvement of the large nerves. It was the opinion of the physician that there was no loss of use of the finger. The arbitrator examined the injured finger and read into the record a similar description. Paluch testified that before the injury his hand was in good condition but that he is now unable to pick up small articles because the end of his finger is tender.

Paragraph (c) of section 8 of the Compensation act provides that compensation may be paid for any serious and permanent disfigurement to the hand, the amount fixed not to exceed one-fourth of the amount of the compensation which would have been payable as a death benefit if the employee had died as a result of the injury. The award in this case is the sum of $14 a week for fifteen weeks, which is slightly more than one-fifth of the maximum award permitted by the statute. There is no contention that there is not a disfigurement and that the disfigurement is not permanent, but the contention is that it is not serious. Plaintiff in error argues that before a disfigurement can be said to be serious it must involve a loss of earning power. While the evidence shows that Paluch at the time of the hearing was earning more than he was earning at the time he was injured, it does not follow, as a proposition of law, that his capacity to earn has not been reduced. The statute does not require that there shall be a showing of loss of earning power before compensation can be made

303—23

for a disfigurement, and we are not authorized to read such a provision into the statute. The Court of Appeals of New York has sustained a similar provision of the New York law, (*Sweeting* v. *American Knife Co.* 226 N. Y. 199, 123 N. E. 82,) and its decision has been affirmed by the Supreme Court of the United States. (250 U. S. 596, 40 Sup. Ct. 44.) We agree with the Industrial Commission in its conclusion that the disfigurement to Paluch's hand is both serious and permanent, and the amount of the award seems to be within a reasonable limit.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*