### LEE ARP v. E. A. WOOD & COMPANY AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 19 September, 1934.)

**Master and Servant F h—Compensation allowed injured employee, including amount for facial disfigurement, may not exceed $6,000.**

The amount allowed by the Industrial Commission for serious facial or head disfigurement is to be included with other amounts allowed an injured employee in determining the total compensation allowed such employee, which in no case may exceed six thousand dollars. N. C. Code, 8081 (kk), 8081 (mm), 8081 (ww).

THIS was an action instituted under the Workmen's Compensation Act, chapter 133-A, Consolidated Statutes of North Carolina (Acts of 1929, chapter 120), for serious personal injuries sustained by the plaintiff on 14 July, 1930, and serious facial and head disfigurement as a result of the injury, and heard before his Honor, *McElroy, J.,* at the April Term, 1934, of MACON, upon appeal by the plaintiff from the decision and award of the full Commission. Affirmed.

*E. P. Stillwell for appellant.*
*J. M. Horner, Jr., Thos. A. Banks, and F. M. Tongue for appellees.*

Schenck, J. On 17 February, 1931, the plaintiff was awarded the following: (1) Compensation for temporary total disability, $18.00 per week for 23 3/7 weeks; (2) for 40 per cent loss of visibility in right eye, $18.00 per week for 40 weeks; (3) for total loss of left eye, $18.00 per week for 100 weeks; and (4) a lump sum of $2,500 to cover serious facial and head disfigurement, all of which amounted to $5,441.71. The cause was then retained for further hearing.

At a hearing on 7 June, 1931, it was found that the plaintiff had suffered a 50 per cent loss of the use of his left hand, which would extend over a period of 75 weeks, and at $18.00 per week would aggregate $1,350. Commissioner Wilson adjudged that, since $1,350 added to the $5,441.71 theretofore paid would exceed $6,000, the plaintiff would be entitled to recover only $558.29 of the $1,350, as the total compensation payable should in no case exceed $6,000.

There was an appeal from Commissioner Wilson and his adjudication was reviewed and affirmed by the full Commission, and further appeal was taken to the Superior Court, where the decision and award of the full Commission was affirmed by the judgment of McElroy, judge. From this judgment affirming the action of the North Carolina Industrial Commission in holding, as a matter of law, that the $2,500 lump-sum payment to the plaintiff for serious facial and head disfigurement was within and constituted a part of .the maximum compensation of $6,000 provided by the act, the plaintiff appealed to this Court.

Section 8081 (kk), C. S., fixes a maximum and minimum weekly rate to be paid in cases of total disability, and the maximum number of weeks that such payments shall be made, and also the total amount of all compensation to be paid under the act. (Acts of 1929, ch. 120, sec. 29.)

Section 8081 (mm), C. S., after fixing a schedule of weekly rates and periods of compensation in specified cases, contains the following provision:

"In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation, not to exceed $2,500.

"The weekly compensation payments referred to in this section shall all be subject to the same limitations as to maximum and minimum as set out in paragraph 8081 (kk): *Provided, however,* that the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment." (Acts 1929, ch. 120, sec. 31.)

The effect of this proviso is to exclude the compensation for facial and head disfigurement from only the *"weekly* compensation payments" contained in the "foregoing schedule of compensation," and does not

exclude such compensation from the limitation upon total compensation under the act.

Section 8081 (ww), C. S., reads as follows: "The total compensation payable under this chapter shall in no case exceed six thousand dollars ($6,000)." Since the provision for proper and equitable compensation for facial and head disfigurement is contained in the same chapter of the Consolidated Statutes as is section 8081 (mm) above quoted, and . since this section provides specifically that the total compensation payable under this chapter (in the original act "under this act," Acts 1929, ch. 120, sec. 41) shall in no case exceed $6,000, it is manifest that the judgment of the judge below affirming the decision and award of the full Commission should be affirmed.

Affirmed.