(No. 2873—

SYLVESTER STESKAL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1938.*

JAMES E. LONDRIGAN, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, Sylvester Steskal, was injured by reason of an accident arising out of and in the course of his employment in the Division of Highways, Department of Public Works and Buildings, on Christmas Day, 1935. The injury resulted in a total disability for several weeks and left several

scars disfiguring his face. At the time of his injury, he was engaged by the Highway Department plowing snow from the road. The snow plow broke causing the truck to telescope throwing him into the windshield and severely cutting his face and head.

No question arises as to the jurisdiction of the court and the only question ever open was to determine the amount claimant should be allowed for the scars upon his face.

The claimant appeared before the court in person and we found a scar on his right cheek, about 2½ to 3 inches long, and rather irregular in shape, with rather jagged edges; also found a scar on his chin to the left of the center line about 1 inch long, and also creating rather a jagged appearance. There is also a scar on the left side of his face, a little to the front, and a little below the cheek bone, extending upwards and downwards. This also is about one inch long. There is a scar to the right of the center line on his forehead, maybe an inch below and a half an inch long. That is more regular.

At the time of his injury, claimant was married, and had one child who was eight years old at the time of the taking of the deposition on July 10, 1936. At the time of his injury, he was receiving One Hundred Twenty Dollars ($120.00) per month, and at the time of the accident he was twenty-seven years old.

Claimant is not claiming any compensation for loss of time. He had been paid his full wages for the three weeks that he was off. Claimant's doctor and hospital bills amounting to Twenty-five Dollars ($25.00) and Fifteen Dollars and Thirty Cents ($15.30) respectively were paid by the State, and he is now asking the sum of One Thousand One Hundred Fifty-two Dollars and Eighty Cents ($1,152.80) as compensation.

This court has held in numerous cases that in the maintenance of its hard-surfaced roads, the State is engaged in an extra hazardous business or enterprise within the meaning of Section 3 of the Workmen's Compensation Act.

Manhart vs. State of Illinois, 8 C. C. R. 356 (357).

A highway maintenance patrolman injured in an accident arising during the course and out of his employment may receive compensation therefor.

Foster vs. State of Illinois, 8 C. C. R. 340.

Section 8, paragraph b, provides:

If the period of temporary total incapacity for work lasts more than six working days, compensation equal to fifty per centum of the earnings, but

not less than $7.50 nor more than $15.00 per week, beginning on the eighth day of such temporary total incapacity and continuing as long as the temporary total incapacity lasts, but not after the amount of compensation paid equals the amount which would have been payable as a death benefit under paragraph (a), Section (7), if the employee had died as a result of the injury at the time thereof, leaving heirs surviving as provided in said paragraph (a), Section 7: *Provided*, that in the case where the temporary total incapacity for work continues for a period of more than thirty days from the day of the injury, then compensation shall commence on the day after the injury."

### The Act further provides:

"For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement, the amount fixed by agreement or by arbitration in accordance with the provisions of this Act, which amount shall not exceed one-quarter of the amount of the compensation which would have been payable as a death benefit under paragraph (a), Section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in said paragraph (a), Section 7: *Provided*, that no compensation shall be payable under this paragraph where compensation is payable under paragraph (d), (c) or (f) of this section, compensation for such disfigurement may be had under this paragraph."

The claimant avers in his claim for compensation that he was paid his salary during his temporary total disability. He is asking for the sum of One Thousand One Hundred Fifty-two Dollars and Eighty Cents ($1,152.80), which is one-fourth the amount that his dependents would have been entitled to had he been killed. Under Paragraph D of said Section 8, he would have been entitled to compensation, (subject to the limitations of Paragraphs B and H of said Section 8), equal to fifty percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident.

From the record it appears that he is earning as much now as he was prior to the time of the accident, if not a little more, and Section B provides that if his temporary total incapacity for work lasts more than six working days, he is entitled to compensation equal to fifty percentum of the earnings but not less than $7.50 nor more than $15.00 per week, beginning on the eighth day of such temporary total incapacity and continuing as long as the temporary total incapacity lasts, but not after the amount of compensation paid equals the amount which would have been payable as a death benefit under paragraph (a), Section 7, if the employee had

died as a result of the injury at the time leaving heirs surviving. His temporary total incapacity lasted less than thirty days and he did receive his full salary.

The record shows that he was absent from work from December 25th until January 20th and he received One Hundred Two Dollars and Fifty-seven Cents ($102.57). Under the act, he was entitled to receive from the 8th day after the accident until the 26th day inclusive, at the rate of Fifteen Dollars ($15.00) per week or a total of Forty Dollars and Seventy-one Cents ($40.71), and therefore was over-paid Sixty-one Dollars and Eighty-six Cents ($61.86).

As we construe the law, the disfigurement must be serious and permanent. The scars above outlined are visible a distance from twenty to twenty-five feet. The healing period has long since passed. The basis for compensation for disfigurement is that the disfigurement has in some way affected the employee's earning capacity either in directly affecting his ability to earn in the employment in which he is engaged, or in interfering with his ability later to obtain employment. It is sometimes said that the disfigurement may cause a workman to be at a disadvantage in the labor market by reason of the hideousness or seriousness of the disfigurement, or it may make him more timid in his application for employment. Obviously, a description as to all possible disfigurements could not be made in the act, so the general provision was made that the disfigurement must be permanent and serious and the determining of the proper amount payable is left to the parties or the commission within certain maximum limits.

The statute dos not require that there shall be a showing of loss of earning power before compensation can be made for a disfigurement, and we are not authorized to read such provision into the statute. The law in this respect is well stated in the case of *Williams Co.* vs. *Industrial Com.,* 303 Ill. 352.

Ugly scars on the face are often more noticeable than disfigurement to the hands. Disfigurement to be considered serious need not cause a decrease in the earning capacity but it must be such disfigurement as to interfere with his securing work in his usual line. In this particular case it appears to us that that is claimant's position. There is no set rule for determining the amount which should be paid in dis-

figurement cases, except the limit hereinabove referred to. We must, therefore, rely upon common sense and fairness of attitude.

With this in mind, we fix the amount of the award at Six Hundred Dollars ($600.00), in addition to all amounts heretofore paid to said employee.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," Approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.