Plaintiff, employee, brings this action under the provisions of the Workmen's Compensation Act, against the employer and insurance carrier, to obtain compensation for injuries.
The Industrial Commission, in addition to jurisdictional determinations, made the following pertinent findings of fact:
1. The plaintiff, as the result of his injury by accident on 21 December, 1939, has sustained the complete loss of his left leg, and 50 per cent permanent disability or loss of the use of his right foot, which said disability includes the loss of his great toe and three other toes on his right foot.
2. That as a result of said accident the plaintiff has been totally disabled for the period from 21 December, 1939, to the date of the hearing; namely, 25 March, 1941, but that on said date of 25 March, 1941, his total disability ended.
3. The plaintiff, as the result of his injury by accident on 21 December, 1939, has no disfiguring scars or blemishes on his body, except normal operative scars occasioned by the amputation of his left leg and the operation on his right foot. *Page 259 
4. That the plaintiff, as the result of his injuries referred to herein, has no permanent total disability as said term is defined by the provisions of the N.C. Workmen's Compensation Act.
Compensation for disfigurement was denied.
Compensation was awarded as provided in the schedules, section 31, Public Laws of 1929, ch. 120, as amended by Public Laws of 1931, ch. 164, sec. 8081 (mm), N.C. Code of 1939 (Michie).
On appeal to the Superior Court by the plaintiff, the Court held that so much of the judgment of the Commission as holds that the plaintiff is not entitled to an award of compensation for total permanent disability is correct and approved and affirmed the award of the Commission; the court reversed so much of the judgment of the Commission as holds that as a matter of law the plaintiff is not entitled to compensation for disfigurement; that the findings of fact by the Hearing Commissioner are incomplete and inadequate in that there is no finding of fact with respect to plaintiff's allegation and contention that he has suffered a diminution of earning capacity resulting from his disfigurement and is therefore entitled to specific additional compensation therefor. His Honor remanded the cause to the Industrial Commission with directions to make further findings as directed, and to make an award to compensate for disfigurement in accord with its findings pursuant to the provisions of the statute.
From the judgment entered, plaintiff and defendants appealed to the Supreme Court, assigning errors.
PLAINTIFF'S APPEAL.
The plaintiff's first assignment of error is to the conclusion of law of the Commissioner, affirmed by the Commission and by the court below, that the Workmen's Compensation Act does not permit a finding of total disability for the loss of one leg and the partial loss of the other foot, regardless of actual incapacity for work.
The statute construed, section 8081 (mm), subsection (t), N.C. Code, 1939 (Michie), Public Laws of 1929, ch. 120, as amended by Public Laws of 1931, ch. 164, reads as follows: "Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or vision *Page 260 
in both eyes shall be deemed permanent total disability, and shall be compensated under section 29."
The Commissioner stated in his conclusions of law, in considering the above statute, "That this section does not state that the loss of a leg and the partial loss of the other foot or even the complete loss of the other foot would constitute permanent total disability. The Act is very specific on this point. This provision states definitely that the loss of both arms, hands, or vision in both eyes shall be deemed permanent total disability. The Commission, therefore, by no stretch of the imagination, can read into this section the legislative intent that the loss of one leg and the partial loss of the other foot should be deemed permanent total disability. Therefore, the Commission definitely concludes as a matter of law that the plaintiff should not be compensated for permanent total disability but should be compensated for his temporary disability, his loss of his leg, and the partial disability of his right foot."
The findings of fact that the plaintiff, as the result of his injury by accident, has sustained the complete loss of his left leg, 50 per cent permanent disability or loss of his right foot, and that he was totally disabled for the period from 21 December, 1939, until 25 March, 1941, are supported by competent evidence and are conclusive on appeal. Lassiter v.Telephone Co., 215 N.C. 227, 1 S.E.2d 542.
While the construction placed on the statute by the Commission did not affect the award made in the instant case, in accord with the findings of fact, we think it proper to call attention to that construction or interpretation of the statute as set forth in the conclusions of law.
The Commission says: "This section does not state that the loss of a leg and the partial loss of the other foot or even the complete loss of the other foot would constitute permanent total disability. The Act is very specific on this point. This provision states definitely that the loss of both arms, hands, or vision in both eyes shall be deemed permanent total disability." The fact that the Workmen's Compensation Act states that certain injuries shall be deemed permanent and total disability, does not mean that permanent total disability can be found to occur only in those cases where the injuries come strictly within the enumerated class. The loss of both arms, hands, legs or vision in both eyes, under the statute, is conclusively presumed to be permanent total disability, and the Commission is directed so to find; however, the Commission still has power to find that other injuries or combination of injuries occurring in the same accident may result in permanent total disability and when the Commission so finds, the injured employee should be compensated as provided in section 29 of the Workmen's Compensation Act. What constitutes permanent and total disability is a fact for the determination of the Commission, except in those cases where the injuries are conclusively presumed *Page 261 
by the statute to result in permanent total disability. As stated in 71 C. J., page 842: "An award for permanent total disability is not limited to cases in which the employee suffers actual loss of members of the body, although the provision for compensation for total disability specifies that loss of said members shall be total disability, as this is not exclusive," citing Safety Insulated Wire Cable Co. v. Court of Common Pleas, 100 A. 846, 9 N.J. L., 114; Maryland Casualty Co. v. Mueller (Tex.),247 S.W. 609; Spring Canyon Coal Co. v. Industrial Commission of Utah,277 P. 206.
We think, exclusive of the question of disfigurement, the award of the Commission was correct. One member was lost, but the other suffered only 50 per cent impairment; therefore the Commission properly awarded compensation, not for total disability, but for injuries compensable under the schedules.
Weekly compensation under the schedules cannot be increased by the inclusion of compensation for disfigurement. Compensation for disfigurement, if allowed, must be a separate award and the aggregate awards in no case may exceed the total compensation fixed in the Act. Arpv. Wood Co., 207 N.C. 41, 175 S.E. 719.
The second exception is to the findings of fact of the Commissioner, affirmed by the Commission and the court below, in that there is no finding of fact as to whether or not the plaintiff employee is able to follow with reasonable continuity such work as he is qualified, physically and mentally, to do. We think it is elementary where an award is properly made under specific schedules and the Commission has found as a fact that the employee is not totally and permanently disabled, as in the instant case, the Commission is only required to find the percentage of disability of the member or members effected. Therefore this exception cannot be sustained.
DEFENDANTS' APPEAL.
The defendants' appeal from that portion of the judgment entered in the Superior Court, which holds that so much of the judgment of the Commission as stated as a matter of law that the plaintiff is not entitled to compensation for disfigurement resulting from the loss of members for which compensation was awarded, is erroneous; and that the findings of fact by the Hearing Commissioner are incomplete and inadequate in that there is no finding of fact with respect to the plaintiff's allegation and contention that he has suffered a diminution of earning capacity resulting from his disfigurement and is, therefore, entitled to specific additional compensation therefor; and remands the same to the Industrial Commission with directions to make further findings as therein directed and to make an award with respect to compensation for disfigurement in accord with its findings pursuant to the provision of the statute. *Page 262 
The question involved here is this: Do the provisions of our Workmen's Compensation Act authorize compensation for disfigurement of a specific member of the body for which compensation is allowed for loss of or for partial loss of use of said member?
The Commission found as a fact "That the plaintiff, as the result of his injury by accident December 21, 1939, has no disfiguring scars or blemishes on his face or body except normal operative scars occasioned by the amputation of his left leg and the operation on his right foot." The Commission held, as a matter of law, that compensation for disfigurement should apply only to disfigurement of the face or to those parts of the body for which compensation is not provided in section 31 of the Act, Public Laws 1929, ch. 120, as amended by Public Laws 1931, ch. 164. In addition to the schedule of payments and the subsection (t) of the statute discussed in plaintiff's appeal herein, section 31 contains the following: "In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00. The weekly compensation payments referred to in this section shall all be subject to the same limitations as to maximum and minimum as set out in section 8081 (kk), (Section 29, Public Laws of 1929, Chap. 120, as amended by section 1, Public Laws 1939, Chap. 277); provided, however, that the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment. And provided, further, that the Industrial Commission created by this article shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this article, not to exceed twenty-five hundred ($2500) dollars. And provided, further, that disfigurement shall also include the loss or serious or permanent injury of any member or organ of the body for which no compensation is payable under the schedule of specific injuries set out in this section."
Section 31 was enacted in its entirety in 1929, except for the last sentence in said section, which was added by amendment in 1931. We think the amendment was intended to broaden, rather than to restrict, the powers of the Commission to compensate for disfigurement. If the Legislature intended to restrict compensation for disfigurement to those parts, members or organs of the body for which no compensation is provided in the schedules, we think it failed to express such intention in the statute. The statute expressly states, "That the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment." *Page 263 
The defendants take the position that no compensation can be awarded for disfigurement and also loss of use of the same member of employee's body, and, in support of their position, cite Milling Machinery Co., Jones-HettelSater Const. Co. v. Thomas, 174 Okla. 483, 50 P.2d 395;International Coal Mining Co. v. James Nichols, 293 Ill. 524,127 N.E. 703; Wells Bros. Co. v. Ind. Com., 285 Ill. 647,121 N.E. 256. However, an examination of the above cases and the Workmen's Compensation Acts of Oklahoma and Illinois discloses that the provisions of their Acts are not similar to ours. The Oklahoma Act provides that compensation for specific injuries shall be in lieu of all other compensation, except that provided for medical attention. Schneider's Compensation Law, Vol. 4, Supplementing Third Edition, page 3127. The Illinois Act limits compensation to that provided in the schedules and states the employee ". . . shall not receive any compensation for such injuries under any other provisions of this Act." Schneider's Comp. Law, Vol. 2, Supplementing Third Edition, page 852.
The General Assembly in enacting our Workmen's Compensation Act, undoubtedly gave consideration to the limitation of the recovery to that fixed in the schedules, for, as stated in Rice v. Panel Co., 199 N.C. 154,154 S.E. 59, the original bill as introduced provided: "In cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be specified therein, and shall be in lieu of allother compensation. " However, the Act as adopted, being Public Laws of 1929, ch. 120, does not contain the clause in sec. 31, "and shall be in lieu of all other compensation."
It will be noted that the statute makes it mandatory on the Commission to award proper and equitable compensation in case of serious facial or head disfigurement. This is not the case in regard to disfigurement of other parts of the body. The statute provides that the Industrial Commission shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this article, not to exceed $2,500.00.
In principle this Court has already recognized the authority of the Commission to make an award for partial loss of use of a member and to award compensation for serious disfigurement of the same member. In the case of Baxter v. Arthur Co., 216 N.C. 276, 4 S.E.2d 621, this Court affirmed an award made by the Commissioner, affirmed by the Commission and the court below, in which the Commission stated in its opinion: "With respect to the award for disfigurement to the right arm in which a 20 per cent partial permanent functional loss of use of the right arm was awarded, the Full Commission and the Hearing Commissioner took into consideration the fact that the scarring of this arm was *Page 264 
very extensive and entirely out of proportion to the 20 per cent functional loss, and for this reason the Commission considered the scarring of the right arm in addition to the functional loss of use along with the scarring on the rest of the body as heretofore indicated in arriving at the sum of $1,000 for disfigurement."
This Court, it appears, has not passed directly on the question as to whether or not disfigurement is compensable when there is no disfigurement except the normal operative scars occasioned by the amputation of a member or members of the body, for the loss of which the employee has been compensated under the schedules. In the instant case we have the loss of the left leg, 50 per cent permanent disability or loss of use of the right foot, which disability includes loss of the great toe and three other toes on this foot. We think the statute does authorize the Commission to award compensation for serious disfigurement resulting from the loss or partial loss of a member for which compensation is provided in the schedules.
In the case of Elkins v. Lallier, 38 New Mexico, 316, 32 P.2d 759, the Supreme Court of New Mexico allowed a recovery for the loss of an eye by enucleation and an additional sum for such facial disfigurement as inevitably resulted consequent to the enucleation. The Court said: "That serious facial disfigurement, wholly apart from the physical handicap resulting from loss of a member or organ, may operate to narrow the field of employment and thus impair the earning power, is now too well settled to be open to doubt. See separate opinions of Judges Cardozo and Pound inSweeting v. American Knife Co., 226 N.Y. 199, 123 N.E. 82, 83, affirmed in 250 U.S. 596, 40 S.Ct., 44, 63 L.Ed., 1161, and Beal v. El DoradoRefining Co., 132 Kan. 666, 296 P. 723." Donahue v. Adams TransferStorage Co., 230 Mo. Ap. Rep., 215, 88 S.W.2d 432.
In the case of Jewell v. R. B. Pond Co., 198 S.C. 86,15 S.E.2d 684, the Supreme Court of South Carolina, in passing on the identical point which is now before us, and construing the provisions in a Workmen's Compensation Act, identical with those we are now considering, said: "It is now the settled law in this State (and the Act under discussion so provides), that an award for the loss of and disfigurement to the same member of the body may be made. Bodily disfigurement, when shown to affect a claimant's earning power by a diminution thereof is logically an element of compensation specifically provided for in the Act, though not compensable merely as such. Burnette v. Startex Mills, et al., 195 S.C. 118,10 S.E.2d 166. The amputation of a foot necessitating the wearing of an artificial limb, is per se a serious bodily disfigurement. Has this bodily disfigurement lessened claimant's earning capacity and deprived him in whole or in part of the power to obtain *Page 265 
employment? Manning v. Gossett Mills, et al., 192 S.C. 262,6 S.E.2d 256." The claimant was a common laborer and the Court in the above opinion further said: "Of course, for example, if claimant had been a bookkeeper, the serious bodily disfigurement which he suffered would not have been compensable as such; and this is definitely pointed out in the case of Burnette v. Startex Mills, supra
(195 S.C. 118, 10 S.E.2d 166), wherein it is stated: `The whole philosophy of our Workmen's Compensation Act is to compensate for, or relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings, and not to indemnify for any physical ailment or impairment as such, except in the classes of case specifically provided in the Act; to exclude from allowable elements of compensation everything except diminution of earning power. Bodily disfigurement, when shown to affect this earning power, is therefore logically an element of compensation specifically provided for in the Act, to the extent therein covered, and we have heretofore so applied the Act.'"
In the case of Burnette v. Startex Mills, supra, the Supreme Court of South Carolina said the following: "In Murdaugh v. Robert Lee ConstructionCompany, 185 S.C. 497, 194 S.E. 447, it was held that if the disfigurement is to members of the body other than the face or head and itdoes not handicap the claimant in obtaining employment or reduce hisearning power, it is not of the compensable nature to which the Act refers. In Manning v. Gossett Mills, et al., 192 S.C. 262, 6 S.E.2d 256,259, it is stated: `The criterion of the right of claimant to compensation under the Act is this: Has his injury lessened his earning capacity and deprived him in whole or in part of the power to obtain employment?'"
It will be noted that the rule seems to be universal that no award can be made for disfigurement, where an award has been made for total permanent disability. Likewise, disfigurement must be serious in order that compensation may be allowed therefor. 71 C. J., Workmen's Compensation Acts, sec. 518, p. 794.
Under our Act the Commission is bound to award proper and equitable compensation not to exceed $2,500.00, in case of serious facial or head injuries; and, as said by the Supreme Court of the United States inSweeting v. American Knife Co., 226 N.Y. 199, 123 N.E. 82, 83,250 U.S. 596, 40 S.Ct., 44, 63 L.Ed., 1161: "Even were impairment of earning power the sole justification for imposing compulsory payment of workmen's compensation upon the employer in such cases, it would be sufficient answer to the present contention to say that a serious disfigurement of the face or head reasonably may be regarded as having a direct relation to the injured person's earning power, irrespective of its effect upon his mere capacity for work." *Page 266 
The decisions from other jurisdictions, while helpful in construing the provisions of our statute, are not controlling; neither is the interpretation placed upon a statute similar to ours, binding on this Court. In awarding compensation for serious disfigurement, we think the Commission, in arriving at the diminution of earning power from disfigurement and making its award, should take into consideration the natural physical handicap, resulting from the disfigurement, the age, training, experience, education, occupation and adaptability of the employee to obtain and retain employment. What is reasonable compensation for serious disfigurement is for the determination of the Commission in each case in the light of the facts established by competent evidence.
The defendants challenge the power of the court below to remand a case to the Industrial Commission for further or more complete findings of fact. Where the facts are found or where the Commission fails to find facts due to a misapprehension of the law, the court will, when the ends of justice require it, remand the case in order that the evidence may be considered in its true legal light. McGill v. Lumberton, 215 N.C. 752,3 S.E.2d 324, and the authorities cited therein.
We find no error in either appeal.
Plaintiff's appeal affirmed.
Defendants' appeal affirmed.