JENNIFER J. BROWN, BY HER LEGAL GUARDIAN, NEXT FRIEND, ROBERT F. BROWN, v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION.

(Filed 6 July, 1966.)

**State § 5b—**

A county board of education is not liable in tort unless it has waived its immunity as authorized under G.S. 115-53, and therefore, in proceedings under the Tort Claims Act on a claim for injuries sustained by a pupil when she was struck by a school bus operated by a driver who was an employee of the county board of education, the award of damages to plaintiff cannot be sustained in the absence of a finding that the driver's salary was paid from the State Nine Months School Fund, so as to bring the claim under the provisions of G.S. 143-300.1, and when there is no finding in regard to this matter, the cause must be remanded.

MOORE, J., not sitting.

PLESS, J., and RODMAN, E.J., took no part in the consideration and decision of this case.

APPEAL by claimant from *Pless, J.,* Schedule "A", 20 September 1965 Civil Session of MECKLENBURG.

Proceeding instituted before the North Carolina Industrial Commission under the provisions of Article 31, Chapter 143 of the General Statutes of North Carolina, entitled "Tort Claims Against State Departments and Agencies," to recover for personal injuries to Jennifer J. Brown, a 12½-year-old school girl, who was struck

by the right front fender of a school bus, knocked down, and run over by its right front wheel.

From a judgment by the court holding that the facts found by the hearing deputy commissioner and adopted as its own by the Full Commission as to what happened do not constitute actionable negligence on the part of the driver of the school bus, and ordering that Jennifer J. Brown recover nothing from respondent and dismissing the case at the cost of claimant, she appeals.

*Welling, Welling & Meek by Charles M. Welling for plaintiff appellant.*

*Brock Barkley for defendant appellee.*

PARKER, C.J. At the hearing before Gene C. Smith, deputy commissioner, claimant and respondent offered evidence. At this hearing the parties entered into the following stipulations:

"1.  That the accident occurred at the intersection of Robin Hood Road and Shady Bluff Drive in Charlotte, North Carolina, on February 5, 1963, at about 8:05 in the morning.

"2.  That the vehicle owned by the Mecklenburg County Board of Education was being driven by Michael Chambers Porter, an employee of the Mecklenburg County Board of Education, and that said employee was acting at the time within the scope of his employment."

The hearing deputy commissioner found these material and crucial facts:

"1. . . . [A]t this intersection both streets are paved, and at the northeast intersection there is a shallow, drain-like gutter, which is concrete, and that the pavement is asphalt; that beyond the drain-like gutter there is a residential yard, which is grassed, and on the occasion complained of the weather was fair, and there were several children waiting at this intersection; that the defendant's driver was able to see the children for some distance up Robin Hood Road, he approached said intersection from the east, traveling in a westerly direction; that the plaintiff herein was standing with her feet on the asphalt section of the highway, and next to her was her sister, who was standing in the drain-like gutter, the plaintiff being on her sister's right.

"2.  That as the defendant's driver approached the stop he saw the children, who were divided into two groups, one a group of girls and the other a group of boys, standing at the side of the road; the children were pushing and shoving; as the

defendant's driver approached these groups he slowed the bus and pulled somewhat to the left of the curb, was traveling about two miles per hour, looking over the right front fender, the boys started to pound on the door before the bus stopped, and just before the bus came to a complete stop the driver saw the plaintiff's head disappear under the right front fender, the bus moving approximately five feet after plaintiff's head disappeared under the right front fender.

"3. That the plaintiff herein was struck by the right front fender of the defendant's bus, which knocked her down, and the right front wheel of the bus thereafter rolled over the plaintiff.

\* \* \*

"15. That the plaintiff did not contribute to the damages sustained by any negligence on her part."

(We omit the detailed findings of fact as to claimant's injuries, her admission into Charlotte Memorial Hospital on 5 February 1963, her being placed in and remaining in skeletal traction for three weeks after which she was placed in a plaster cast, her dismissal from the hospital on 5 March 1963, etc.)

Based on his findings of fact the hearing deputy commissioner made these conclusions of law:

"1. That the plaintiff herein sustained bodily injury which was occasioned by the negligence of the defendant driver's operation of a school bus without due caution and without due care in approaching the children gathered at the intersection; that the defendant's driver failed, when he saw the children at the intersection, to exercise that degree of care which applies with peculiar emphasis to the operator of a school bus, and this failure to exercise said caution and care proximately caused the plaintiff's injuries and damages. *Greene v. Board of Education*, 237 N.C. 336.

"2. That the plaintiff herein sustained damages in the amount of $7,500.00 by reason of the negligence of the defendant's driver. G.S. 143-291, *et seq.*

"3. That the plaintiff herein was not guilty of any contributory negligence."

Based on his findings of fact and conclusions of law the hearing deputy commissioner ordered that respondent pay to the duly appointed guardian and next friend of claimant the sum of $7,500.

Respondent appealed to the Full Commission for a review of the award made by the hearing deputy commissioner, alleging in its application for a review that the evidence was insufficient to justify

a finding of fact or conclusion of law that it was negligent; that he found as a fact and concluded as a matter of law that claimant was not contributorily negligent when her evidence established she was contributorily negligent; and that the amount awarded as damages was excessive. The Full Commission held there is ample evidence to support the hearing deputy commissioner's findings of fact, that his conclusions of law based thereon are correct, and the award should be affirmed. Therefore, the Full Commission adopted as its own the hearing deputy commissioner's findings of fact, conclusions of law, and award, and affirmed the order of the hearing deputy commissioner, Chairman Bean dissented as to the amount of damages awarded, being of the opinion they were excessive.

Respondent appealed to the superior court, which was of the opinion that the facts found by the hearing deputy commissioner, and adopted as its own by the Full Commission, do not constitute actionable negligence on the part of the driver of the school bus, and ordered that Jennifer J. Brown recover nothing from respondent, and dismissed the case at the cost of plaintiff.

The Charlotte-Mecklenburg Board of Education "unless it has duly waived immunity from tort liability, as authorized in G.S. 115-53, is not liable in a tort action or proceeding involving a tort except such liability as may be established under our Tort Claims Act. G.S. 143-291 through 143-300.1." *Fields v. Durham City Board of Education*, 251 N.C. 699, 111 S.E. 2d 910.

In *Huff v. Northampton County Board of Education*, 259 N.C. 75, 130 S.E. 2d 26, the Supreme Court speaking by Denny, C.J., said:

> "The General Assembly of North Carolina relieved the State Board of Education from all responsibility in connection with the operation and control of school buses in this State by the enactment of Chapter 1372 of the North Carolina Session Laws of 1955, which Act authorizes county and city boards of education to operate buses for the transportation of pupils enrolled in the public schools of such county or city administrative units. This chapter is now codified as G.S. 115-180, *et seq.*
>
> "A county board of education, 'unless it has duly waived immunity from tort liability, as authorized in G.S. 115-53, is not liable in a tort action or proceeding involving a tort except such liability as may be established under our Tort Claims Act. G.S. 143-291 through 143-300.1. * * *.' " *Fields v. Board of Education*, 251 N.C. 699, 111 S.E. 2d 910.

G.S. 143-300.1 reads in pertinent part:

"(a)   The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise as a result of any alleged negligent act or omission of the driver of a public school bus or school transportation service vehicle *when the salary of such driver is paid from the State Nine Months School Fund* who is an employee of the county or city administrative unit of which such board is the governing board, and which driver was at the time of such alleged negligent act or omission operating a public school bus or school transportation service vehicle in the course of his employment by such administrative unit or such board.  *  *  * (Emphasis ours.)

*  *  *  *  *

"(c)   In the event that the Industrial Commission shall make any award of damages against any county or city board of education pursuant to this section, such county or city board shall draw a requisition upon the State Board of Education for the amount required to pay such award. The State Board of Education shall honor such requisition to the extent that it shall then have in its hands, or subject to its control, available funds which have been or shall thereafter be appropriated by the General Assembly for the support of the nine months school term. It shall be the duty of the county or city board of education to apply all funds received by it from the State Board of Education pursuant to such requisition to the payment of such award. Neither the county or city board of education, the county or city administrative unit, nor the tax levying authorities for the county or city administrative unit shall be liable for the payment of any award made pursuant to the provisions of this section in excess of the amount paid upon such requisition by the State Board of Education.  *  *  *."

The parties stipulated at the hearing before hearing deputy commissioner Smith "that the vehicle owned by the Mecklenburg County Board of Education was being driven by Michael Chambers Porter, an employee of the Mecklenburg County Board of Education, and that said employee was acting at the time within the scope of his employment."

There is nothing in the stipulations entered into by the parties, or in the findings of fact, or in the record, to show that Michael Chambers Porter's salary as a school bus driver was paid from the State Nine Months School Fund.

The Full Commission has not found all essential facts necessary

to support its award, or for us to decide correctly the appeal. The judgment of the court below is vacated, and the proceeding is remanded to the court below, which is directed to vacate the judgment of the court below and to remand the proceeding to the Full Commission with a direction that it make a finding of fact as to whether or not Michael Chambers Porter's salary as a school bus driver was paid from the State Nine Months School Fund. See *Stanley v. Hyman-Michaels Co.*, 222 N.C. 257, 266, 22 S.E. 2d 570, 576.

Judgment vacated and remanded.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration and decision of this case.

RODMAN, E.J., who was sitting on the Bench when this case was argued in place of MOORE, J., who was sick, was relieved of duty at his request before the case was decided, and DENNY, E.J., who is now sitting as a member of the Court in place of JUDGE MOORE, who is still sick, took no part in the consideration and decision of this case.