14985

MANNING v. GOSSETT MILLS *ET AL.*

(6 S. E. (2d), 256)

May, 1939.

*Messrs. Osborne, Butler & Moore,* for appellants,

*Mr. S. Eugene Haley,* for respondent,

December 14, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This respondent was an employee of Gossett Mills at Anderson, S. C., and while so engaged sustained an injury, while engaged in the course of his employment. Liberty Mu-

tual Insurance Company, appellant herein, was then the insurance carrier for Gossett Mills. All the parties to this litigation are subject to the Workmen's Compensation Act of this State (Act No. 610 of the Acts of the General Assembly of South Carolina for 1936, Act July 17, 1935, 39 St. at Large, p. 1231), and are bound by its terms and provisions. As a result of his injury he suffered the loss of one of his testicles by removal thereof by physical operation. He has made his claim for temporary total disability and for medical and hospital expenses. His accident occurred November 12, 1936, and the claims for disability and expenses were paid. He filed a claim under the Compensation Act for serious bodily disfigurement. March 19, 1938, he entered into an agreement with the appellants by which he was paid the sum of $500.00 in full settlement of his claim for serious bodily disfigurement. Thereafter, Commissioner Hyatt, notwithstanding this agreement and settlement, held a hearing on respondent's claim for serious bodily disfigurement. At this hearing counsel for appellants brought to the attention of the commissioner the aforesaid agreement, and contended that in view thereof, and in the absence of any showing of bad faith, the question of disfigurement could not be considered.

The commissioner stated that the receipt for disfigurement was inadequate and he would not pass on that amount for that reason. He took testimony, heard the case and filed an award, December 13, 1938, by which he granted the respondent the sum of $950.00, for serious bodily disfigurement, due to the removal of one of respondent's testicles. He gave the appellants credit for the $500.00 already paid to respondent under the agreement of settlement. Appellants applied for, and were granted, a review of the award made by Commissioner Hyatt. The Commission, after such hearing, or review, affirmed the award and the findings of fact and conclusions of law of the hearing commissioner. An appeal was taken to the Court of Common Pleas and was heard by Hon. G. B. Greene, who filed a short order saying: "The

finding of the Full Commission, approving the finding of the Single Commissioner is hereby affirmed."

The findings of fact and conclusions of law of the hearing commissioner which were affirmed by the full Commission and the Circuit Judge, are as follows:

"It is found as a fact—

"First—That both parties have accepted the terms and provisions of the Workmen's Compensation Law, with the Liberty Mutual Insurance Company as insurance carrier.

"Second—That the claimant sustained an accidental injury November 12, 1936, which arose out of and in the course of the employment, which necessitated the removal of the left testicle by operation.

"Third—That the claimant has a serious bodily disfigurement because of his left testicle being removed as the result of the accidental injury of November 12, 1936.

"Fourth—That compensation has been tendered claimant either by wages or compensation from November 12, 1936, and also five hundred and 00/100 ($500.00) dollars has been allowed for bodily disfigurement, which is inadequate.

"Fifth—That the claimant's average weekly wages was twelve and 00/100 ($12.00) dollars.

"Conclusions of Law:

"Section 29. 'Where the incapacity for work resulting from injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total disability, a weekly compensation equal to 50 per centum of his average weekly wages, but not more than twenty-five dollars, nor less than five dollars, a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed five thousand five hundred ($5,500.00) dollars.'

" 'In taking up the question of serious bodily disfigurement, Section 31, Subsection "t" provides: " * * * that the Industrial Commission created by this Act shall have

power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this Act, not to exceed Twenty-five Hundred ($2,500.00) Dollars."

" 'W e b s t e r's Dictionary says "disfigurement,"—"that which disfigures," "a defacing, a blot." The same dictionary says "disfigurement means to mar the figure of, to render less complete, or beautiful in appearance, to deface or deform."

" 'The Commissioner considers the physical status of the injured as lessened by the loss of a physical attribute, which serves to constitute the perfect *genus homo,* or as possessed of a *dual entity* which is natural and moral law, he had a right to retain as a reserve factor in the cosmic dispensation, the loss he sustained was a serious and permanent bodily disfigurement of his physical entity of the above section.

" 'In making the award for serious bodily disfigurement, the Commissioner is taking into consideration the age of the claimant, who was thirty-two years old.

" 'Where any physical function is permanently impaired, whatever view medical experts may entertain upon that phase of the case, the indisputable fact remains that the injured defendant has suffered the loss of a portion of his anatomy, which nature implanted in the human organism as a dual reservoir of complete efficiency equally with eyes, ears and limbs, and that to deprive one of these natural attributes is to take from him a component portion of the perfect *genus homo,* and to that extent at least impair the physical attributes of his manhood.

" 'Upon the question of being incapacitated, the claimant has received. wages and compensation and medical treatment satisfactory to all parties.

" 'Upon the Findings of Facts in the case, the Commissioner makes the following

" 'Award:

" 'It is therefore ordered that the defendants pay to the claimant compensation for temporary total disability at the

rate of fifty per cent. of the average weekly wage or the compensable rate of six and No/100 ($6.00) dollars per week from the date of the injury, November 12, 1936, taking credit for all wages and money paid as compensation under Section 29.

" 'It is further ordered that all medical, surgical, hospital, and doctors' bills incurred from the injury by accident of November 12, 1936, be paid by the defendants.

" 'For serious bodily disfigurement, it is ordered that the claimant receive in a lump sum the amount of nine hundred and fifty and No/100 ($950.00) dollars. The defendants are to deduct from the lump sum the amount of five hundred and No/100 ($500.00) Dollars, which has been paid the claimant for disfigurement.

" 'The defendants are to pay the costs of this hearing.

"ISAAC L. HYATT,<br>
" 'Commissioner.' "

" 'Filed December 12, 1938.

The appellants come to this Court upon six exceptions, which counsel treat in their brief under two heads:

"Is the loss of a testicle such serious bodily disfigurement as will support an award therefor under the South Carolina Workman's Compensation Act?" and "If not, are defendants entitled to recover the amount paid under a compromise settlement therefor, which was not approved by the Industrial Commission?"

The large majority of the states have adopted Workmen's Compensation Acts, and nearly all of them have features in common. It is interesting to study and compare them, and note the decisions of the Courts of the various states anent their elucidation of the provisions thereof. However, these are not binding on this Court. We must depend upon the findings of our own Courts in passing upon the provisions of the Workmen's Compensation Act of our State.

As a fundamental principle, we may state here what was said by Mr. Justice Fishburne in the case of *Rudd v. Fairforest Finishing Co. et al.,* 189 S. C., 188, 200 S. E., 727 : "Supreme Court is not at liberty to extend by construction the meaning implicit in the language found in Workmen's Compensation Act in order to provide more liberal rule of compensation than that which Legislature has seen fit to adopt." 12th Syllabus.

The South Carolina Workmen's Compensation Act, passed by the Legislature in 1935, has several times been before this Court for construction of various of its provisions. The case of *Murdaugh v. Robert Lee Construction Co.,* 185 S. C., 497, 194 S. E., 447, is especially helpful to us in this case, because it deals particularly with the question of bodily disfigurement. There, the question to be determined was whether the shortening of the leg of claimant, in consequence of the injury which he suffered, entitled him to an award, under the Act for serious bodily disfigurement. The hearing commissioner made an award in favor of claimant, that is to say, that the shortening of the leg was such serious bodily disfigurement as was covered by the language of the Act. The Industrial Commission reversed this action of the single commissioner. On appeal to the Court of Common Pleas, the trial Judge reversed the action of the full Commission and reinstated that of the single commissioner. The appeal from his Honor's ruling was to this Court.

In that case, the Industrial Commission had seemed to hold that the only "serious bodily disfigurement" contemplated by the Act was such disfigurement as affected the head and face. This Court held that such finding was *obiter dictum,* as it had no relevancy to the facts of the case. We did not think, and do not think now, that the Commission intended to state so narrow a proposition. This Court held that if the disfigurement is to members of the body other than the face or head and it does not handicap the claimant

in obtaining employment, it is not of the serious nature to which the Act refers.

We are satisfied that that is the rule adopted in the large majority of the other jurisdictions.

It appears to us that the single commissioner, the full Commission, and the Circuit Judge have fallen into the error of confounding the provisions of the Act for awarding compensation for the injury received by reason of the accident, and that which may, under certain circumstances, be awarded for "serious bodily disfigurement."

The Act clearly makes such distinction. Section 31 is thus entitled: "Schedule of Disability For Certain Injuries."

With pains and meticulous *minutiae,* it specifies the members of the body for which disability and compensation shall be allowed, viz.: a thumb, a first finger, a second finger, a third finger, a fourth finger, the first phalange of the thumb or any finger, the loss of. more than one phalange, a great toe, the loss of one of the other toes, the loss of the phalange of any toe, the loss of a hand, the loss of an arm, the loss of a foot, the loss of a leg, for the loss of an eye, for the loss of both hands, or both arms, or both feet, for the complete loss of the hearing of one ear, the complete loss of the hearing of both ears. The total loss of the use of a member, no loss of the vision of any eye, shall be considered as equivalent to the loss of such member or eye: "In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00."

An analysis of this section can lead to but one conclusion, that the lawmakers were moved by the intention to compensate the workman for loss he had incurred to his earning capacity by the injury which he had sustained. It will be observed that the members of the body, for injury to which compensation is declared, are those, named in the Act, which are used by the workman in the pursuit of his employment, except the provision—the especial provision—which relates

to compensation "for serious bodily disfigurement" and relates to injuries pertaining to the face and/or head.

The criterion of the right of claimant to compensation under the Act is this: Has his injury lessened his earning capacity and deprived him in whole or in part of the power to obtain employment?

In the present case, it is undisputed that the claimant, after his injury, was continued in his employment at Gossett Mills at an increased wage until the mills closed down. He does not deny that he has been awarded proper compensation along that line. The evidence sustains these statements. His only contention is that he is entitled to compensation for "serious bodily disfigurement," on account of the removal of one of his testicles.

The evidence shows that the scar left by the operation is only discernable by close examination, and is wholly hid when he is clothed. His power of procreation is not destroyed, nor his pleasure in sexual intercourse.

In 71 C. J., at page 633, the following is found: "Mutilation or disfigurement of the head, or face, or hands, or any other disfigurement, has been held to be compensable under the statutes making provision therefor; on the other hand, under some compensation Acts, disfigurement has been held not to be a subject for compensation, still where the statute awards compensation for total or partial incapacity for work, a disfigurement which prevents the employee from securing work has been considered to be within its terms. * * * "

It is argued that respondent has been, and is, subject to ridicule on account of the removal of his testicle and that he is entitled to compensation under the Act. Only those within the limit of his personal acquaintance can know of his loss. There are some people with a perverted sense of humor who will cast ridicule upon unfortunates with patent disfigurements, but the Courts cannot protect from those so lacking in kindness and decency.

We do not think the respondent is entitled to compensation, under the Act, for serious bodily disfigurement.

Appellants have an exception to the effect that they are entitled to recover the sum of $500.00 which they paid to plaintiff under their agreement with him in settlement of his claim for disfigurement. We do not agree with this contention. That agreement was a voluntary one on appellant's part. The commissioner did not set the agreement aside, he simply declared it to be inadequate. The exception is overruled.

The judgment appealed from is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.