## 15006

JOHNSTON v. SAM E. FINLEY CONSTRUCTION CO. *ET AL.*

(7 S. E. (2d), 1)

July, 1939.

*Messrs. Cooper & Maher,* for appellants,

*Mr. Ben C. Johnston,* respondent.

January 30, 1940.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Ben C. Johnston, respondent, was superintendent of construction for Sam E. Finley Construction Company of which Hartford Accident & Indemnity Company was the insurance carrier. Johnston was injured while at work in the line of his employment, when he was struck by a wrench which slipped and injured his right testicle. In consequence the testicle was removed. There is no contest over the facts of the case. It is admitted that the injury arose out of and in the course of respondent's employment. It is further ad-

mitted that all the parties are subject to and bound by the provisions of the South Carolina Workmen's Compensation Act. Act No. 610 of the Acts of 1936.

Respondent was paid in full of his claim for disability under the Act, and no question is made as to the award of the Commission as compensation for disability.

Thereafter, claim was filed for serious bodily disfigurement under the Compensation Act. After a hearing, Commissioner Martin awarded plaintiff a lump sum of $1,250.00 for the loss of the testicle as "a serious bodily disfigurement" under Section 31, Subsection (t) of the Compensation Act. The action of Commissioner Martin was reviewed by the full Commission and affirmed. On appeal to the Court of Common Pleas for Oconee County, the findings and conclusions of the full Commission were affirmed. The appeal to this Court followed.

There is but one question made by the exceptions, viz: Is the loss of a testicle such a serious bodily disfigurement as will support an award therefor under the South Carolina Workmen's Compensation Act?

This question has recently been considered and decided by this Court in the case of *Lloyd C. Manning v. Gossett Mills,* and *Liberty Mutual Insurance Company, S. C.,* 6 S. E. (2d), 256, 259, opinion filed December 14, 1939, and published in Westbrook's Opinions of the Supreme Court for December 16, 1939.

The facts of that case are in striking similarity to these in this case, the respondent having lost a testicle and having been awarded compensation under the Workmen's Compensation Act for serious bodily disfigurement under the provisions of Section 31, Subsection (t), of the Act. This Court said: "We do not think the respondent is entitled to compensation, under the Act, for serious bodily disfigurement."

This case is governed by that.

The judgment is reversed.

Messrs. Justices Carter, Baker and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.