## 15138

### BURNETTE v. STARTEX MILLS *ET AL.*

(10 S. E. (2d), 164)

March, 1940.

*Messrs. Osborne, Butler & Moore,* for appellants,

*Messrs. Johnston & Williams* and *Roy A. Powell*, for respondent,

August 6, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The statement contained in the Transcript of Record gives the history of this case in the tribunals below, and is here reproduced.

On December 23, 1937, while the respondent was in the employ of the appellant, Startex Mills, she received an injury by accident arising out of and in the course of her employment. Appellant, Liberty Mutual Insurance Company, was the insurance carrier for Startex Mills under the Compensation Act, Act July 17, 1935, 39 St. at Large, p. 1231 *et seq.* Appellants commenced the payment of compensation for total disability as of the date of the injury, and compensation for total disability has been and is being paid. Respondent applied to the industrial commission for a hearing, which was set to determine extent of disability and disfigurement, if any exists. The hearing was held at Spartanburg, South Carolina, on June 7, 1939, before Commissioner Isaac L. Hyatt, at which certain evidence was taken. Thereafter, under date of June 27, 1939, Commissioner Hyatt filed his opinion and award, by which he directed that appellants pay to respondent compensation for total and permanent disability at the rate of Six ($6.00) Dollars per week, under Section 29 of the Compensation Act. He further ordered that appellants pay to respondent the sum of Seventeen Hundred and Fifty ($1,750.00) Dollars for serious bodily disfigurement. Within due time, appellants applied to the full

commission, as provided by the Act, for a review of Commissioner Hyatt's opinion and award, insofar as it awarded compensation for serious bodily disfigurement and permanent disability. The review was held on August 14, 1939, and thereafter Chairman John H. Dukes filed an opinion and award of the majority of the commission affirming the award of Commissioner Hyatt in respondent's favor for total and permanent disability and Seventeen Hundred and Fifty ($1,750.00) Dollars for serious bodily disfigurement. Appellants thereupon appealed to the Court of Common Pleas for Spartanburg County, asking a reversal of the award of the commission in respondent's favor for serious bodily disfigurement. The appeal came on to be heard before Honorable G. Duncan Bellinger, presiding Judge of the Seventh Circuit. Thereafter, under date of March 9, 1940, Judge Bellinger passed an order affirming the award of the industrial commission in claimant's favor for serious bodily disfigurement. Within due time after filing of Judge Bellinger's order appellants gave notice of their intention to appeal therefrom and from the judgment entered or to be entered thereon, and judgment having been entered in respondent's favor against appellants, they bring this appeal. The grouds and exceptions taken by appellants in their application for review to the full commission and on appeal to the Circuit Court from the award of the full commission included substantially those presented to this Court as exceptions.

The issues involved in this appeal are stated by appellants to be:

"(1) May an award be made under the Compensation Act for serious bodily disfigurement when the deformity is due solely to pain?

"(2) May an award be made under the Act for serious bodily disfigurement when the employee is totally and permanently disabled without regard to the disfigurement?

"(3) May an award be made for serious bodily disfigurement when an award is made for total and permanent disability under Section 29 of the Act?"

We find it unnecessary to pass upon the first issue. The second and third issues, for all practical purposes, raise but one issue.

The whole philosophy of our Workmen's Compensation Act is to compensate for, or relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings, and not to indemnify for any physical ailment or impairment as such, except in the classes of case specifically provided in the Act; to exclude from allowable elements of compensation everything except diminution of earning power. Bodily disfigurement, when shown to affect this earning power, is therefore logically an element of compensation specifically provided for in the Act, to the extent therein covered, and we have heretofore so applied the Act.

In *Murdaugh v. Robert Lee Construction Company*, 185 S. C., 497, 194 S. E., 447, it was held that if the disfigurement is to members of the body other than the face or head and *it does not handicap the claimant in obtaining employment or reduce his earning power,* it is not of the compensable nature to which the Act refers.

In *Manning v. Gossett Mills et al.*, 192 S. C., 262, 6 S. E. (2d), 256, 259, it is stated: "The criterion of the right of claimant to compensation under the Act is this: Has his injury lessened his earning capacity and deprived him in whole or in part of the power to obtain employment?"

Writing the opinion of the Court in *Stone v. Ware Shoals Mfg. Co. et al.*, 192 S. C., 459, 7. S. E. (2d), 226, 227, Mr. Justice Fishburne stated: "We have recently held that 'serious bodily disfigurement' must bear a definite relationship to earning power. This question was discussed and directly passed upon in *Manning v. Gossett Mills [et al.]* * * *."
Throughout the opinion, diminution of earning power is

made the criterion of "serious bodily disfigurement," though we quote only one other statement contained in the opinion: "The evidence ought to show that the bodily disfigurement for which compensation is sought bears some relation to the capacity or incapacity, by reason of it, to secure profitable employment.  *   *   * "

■ When in consequence of the accident, as in the case at bar, total and permanent disability is shown, and the statutory award is made therefor, this automatically excludes any further allowance. For to add an award for bodily disfigurement would be to go beyond the whole scheme of our Workmen's Compensation legislation.

In this light, bodily disfigurement is no different in legal contemplation from such matters as pain, humiliation, etc. While these are elements of recovery at common law, they have no place in the schedule of compensation provided by the Workmen's Compensation Act.

Of course this case does not come within the provisions with reference to facial or head disfigurement.

■ While in this particular case the rule works a hardship, the matter is one upon which the General Assembly has expressed itself, and it is not for us to qualify a legislative Act.

The record discloses that the abnormality of posture or carriage (bodily disfigurement) respondent suffers is due solely to pain, and that there is no malformation of any member of the anatomy resulting in any unusual physical condition; and that if the pain is relieved the deformity will disappear. It is our sincere hope that the source or cause of such pain will be located and effectually treated to the end that the pain will entirely disappear.

The judgment in favor of respondent for bodily disfigurement is reversed, and the case is remanded for entry of judgment thereabout in favor of appellants.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISH-
BURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE
L. D. LIDE concur.