15282

TINSLEY v. WALGREEN DRUG CO. *ET AL.*

(15 S. E. (2d), 667)

March, 1941.

*Mr. W. C. Boyd,* and *Messrs. Benet, Shand & McGowan,* all of Columbia, for appellant,

*Mr. W. H. Nicholson,* of Greenwood, for respondent,

June 24, 1941.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Respondent was employed in the store of Walgreen Drug Company, at Columbia, South Carolina, at a wage of $8.00 per week. While so employed, on or about the 12th day of August, 1939, she suffered an injury to her right hand which became infected, which necessitated her being taken to the hospital for treatment. Several operations on the hand were found to be necessary. She applied to the South Carolina Industrial Commission for disability benefits under the Workmen's Compensation Act, and was given an award for temporary total disability benefits, which were paid by the Hartford Accident and Indemnity Company for Walgreen Drug Company.

A permanent partial loss of use of the right hand resulted, and the parties entered into an agreement for the payment of a specific sum on this ground, and in accordance therewith an award was made by the Industrial Commission for the specific functional loss of the use of the right hand, which was fixed at forty-five per cent, so that claimant will receive $5.00 per week for sixty-seven and one-half weeks, or a total of $337.50.

Respondent then applied to the Industrial Commission for benefits to cover "serious bodily disfigurement," under the provisions of Section 31 (t) of the South Carolina Workmen's Compensation Act, 39 St. at Large, p. 1248.

The single commissioner, the Honorable Coleman C. Martin, awarded the claimant the sum of $200.00 for this claim. Claimant asked for, and was granted, a review by the full commission, on the ground that the award was inadequate. After a hearing, the full commission increased the award from $200.00 to $750.00, and otherwise affirmed the award of the single commissioner.

The defendants appealed from the award of the full commission of $750.00, to the Court of Common Pleas for Richland County. This appeal was heard by the Honorable M. M. Mann, presiding Judge, who in due time filed an order affirming the award made by the full commission. The defendants appealed to this Court, which appeal stands upon four exceptions which the counsel for appellants elect to treat as making two questions for the consideration and determination of this Court, viz.

1. Is there any evidence in the record to support the award for "serious bodily disfigurement"?

2. Is not the award for "serious bodily disfigurement" based upon a functional disability rather than a disfiguring disability?

For ready reference, we reproduce here the pertinent part of Section 31 (t) of the Compensation Act:

"Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of [if] the payments above provide for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or vision in both eyes shall be deemed permanent total disability, and shall be compensated under Section 29.

"In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00."

There has always been, in the consideration of cases brought under the Workmen's Compensation Act, some confusion in discriminating between the grounds upon which benefits shall be allowed for functional injuries, that is to say, those injuries which result from the loss of the use of or injury to a member of the body, and the awards which are authorized to be made for "serious bodily disfigurement."

This question of "serious bodily disfigurement" has been before this Court heretofore.

In the case of *Murdaugh v. Robert Lee Construction Company et al.*, 185 S. C., 497, 194 S. E., 447, it was held that the Industrial Commission "has power to award compensation to an employee for specific loss of a member and also compensation for disfigurement of same member."

In that case, the claimant had suffered a fracture of the leg which resulted in shortening it one and one-fourth inches. It was held that this was not such "serious bodily disfigurement" as entitled claimant to compensation therefor. In that case this Court approved from Black's Legal Dictionary the following definition of "disfigurement":

"That which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders un-

sightly, misshapen, or imperfect, or deforms in some manner."

The evidence shows clearly that respondent's right hand is rendered "unsightly," "misshapen," and "imperfect."

The respondent is a young woman engaged as a waitress in cafes and places of like character. Naturally her hands are in constant use and in view of those upon whom she waits. Her right hand is certainly 'deformed" by the operations performed upon it. It is thus described in the record.

Two of her fingers have become consolidated and are stiff. The first or index finger, runs diagonally across these, leaving only for her use on that hand the thumb and little finger.

She testified: "When I close it (her hand) this finger (third middle) goes over the other and I cannot bend it * * *. The fourth finger is bent * * *. It stays that way all the time. * * *. It isn't straight. * * *. I sleep in the day. * * *.

"Q. Is it because you are afraid somebody will laugh? A. I do feel self-conscious. * * *.

"Q. What did you say about feeling of inferiority complex because of the hand? A. I do."

In the case of *Manning v. Gossett Mills et al.*, 192 S. C., 262, 6 S. E. (2d), 256, 257, the claimant had by accident lost an organ of his body. He was denied compensation for "serious bodily disfigurement" because the disfigurement was hidden by his clothes, and could be seen only by close examination.

In the case of *Stone v. Ware Shoals Manufacturing Company et al.*, 192 S. C., 459, 7 S. E. (2d), 226, 227, claimant was denied compensation for "serious bodily disfigurement" under the Act because the scars on his body were not ordinarily visible.

In the case of *Johnston v. Sam E. Finley Construction Company et al.*, 192 S. C., 392, 7 S. E. (2d), 1, claimant was denied compensation for "serious bodily disfigurement"

which he claimed on the ground of the loss of an organ of his body. The denial was based on the ground that the disfigurement was not visible when claimant was clothed.

We think the first of appellants' questions must be answered: Yes; there is evidence to support the award for "serious bodily disfigurement." The second question must be answered by saying that the award for "serious bodily disfigurement" is not based on a functional disability. While there is evidence relating to the question whether claimant is handicapped in obtaining employment, it was proper and relevant evidence in determining the question whether she had suffered such "serious bodily disfigurement" as entitled her to compensation on that score.

The judgment below is affirmed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.