## 15292

### JEWELL v. POND COMPANY *ET AL.*
(15 S. E. (2d), 684)

*Messrs. Watkins & Prince,* of Anderson, for appellants,

*Mr. J. Robert Martin, Jr.,* of Greenville, for respondent,

July 8, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

Only one question is involved in this appeal, and that is whether, under the terms of the South Carolina Workmen's Compensation Act, the Industrial Commission has the power to make an award for bodily disfigurement in addition to other awards, when the injury resulted in the amputation of a member and there is no evidence of any condition not normally present in the case of an amputation.

The respondent (hereinafter called claimant), while working for R. B. Pond Company, one of appellants, in the capacity of tractor driver, that is, operating a tractor, was injured, and on account of which injury and accident it was necessary to amputate his right foot at a point about six inches below the knee. All claims of claimant thereabout are governed by the Workmen's Compensation Act. Code Supp., 1936, § 7035-1 *et seq.* The appellants have paid to claimant his medical, surgical and hospital expenses and have furnished him with a satisfactory artificial limb, have paid compensation for total disability for the period between the date of the accident and the date when the artificial limb or member was satisfactorily fitted, and have accepted and are now paying an award of compensation for one hundred and twenty-five weeks, provided by the Workmen's Compensation Act (Section 31, Schedule o), for the loss of a foot. Code Supp., 1938, § 7035-31(o).

In addition to the award made in accordance with Schedule (o) of Section 31, the Industrial Commission, through Commissioner Hyatt, at a date "when artificial limb was completed and fixed in order that disfigurement could be observed" held a hearing on the issue of compensation for bodily disfigurement by reason of the loss of claimant's right foot, and awarded him the sum of One Thousand ($1,000-.00) Dollars. On review by the full commission, this award was reduced to Six Hundred and Fifty ($650.00) Dollars, and upon appeal to the Court of Common Pleas, this award was sustained in a short order without any discussion of either the facts or the law.

The pertinent portion of Section 31 of the Workmen's Compensation Act reads as follows:

"Section 31. In cases included by the following schedule, the disability in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be specified therein, to wit:

\*　　\*　　\*

"(o) For the loss of a foot, sixty (60%) per centum of average weekly wages during one hundred twenty-five (125) weeks.

\*　　\*　　\*

"Provided, however, *that the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment.* [Italics added]. And provided, further, that the Industrial Commission created by this Act shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by an employee within the meaning of this Act, not to exceed Twenty-five Hundred ($2,500.00) Dollars."

It is now the settled law in this State (and the Act under discussion so provides) that an award for the loss of and disfigurement to the same member of the body may be made. Bodily disfigurement, when shown to affect a claimant's earning power by a diminution thereof is logically an element of compensation specifically provided for in the Act, though not compensable merely as such. *Burnette v. Startex Mills et al.,* 195 S. C., 118, 10 S. E. (2d), 164.

The amputation of a foot necessitating the wearing of an artificial limb, is *per se* a serious bodily disfigurement. Has this bodily disfigurement lessened claimant's earning capacity and deprived him in whole or in part of the power to obtain employment? *Manning v. Gossett Mills et al.,* 192 S. C., 262, 6 S. E. (2d), 256. Does the testimony in this case sustain

the finding of the Industrial Commission that claimant has suffered a serious bodily disfigurement within the intendment of the Act as interpreted by this Court? If so, this Court is bound by such finding of fact.

The only testimony in the record upon which the Industrial Commission could have based its finding of fact that claimant's bodily disfigurement resulted in the lessening of his earning capacity and power to obtain employment is of more or less a negative character, but a reasonable inference can be drawn therefrom that his earning capacity and power to obtain employment has been lessened on account thereof. We quote the pertinent testimony:

"Mr. Jewell, for the last few weeks what, if anything, have you been doing? A. Well, I've been training, trying to learn something to make a living.

"Q. Before, you were engaged in what kind of work? A. Common labor.

"Q. What do you mean, common labor? A. I drove a tractor and got hurt with it.

"Q. The type of work that you are learning now, is what? A. Mechanical work.

"Q. You are receiving some training at what place? A. Julian's Garage in Greenville.

"Q. How was that arranged? A. Through the Vocational and Rehabilitation.

"Q. You have been there at Julian's about how long? A. Three weeks yesterday, I think."

Of course, for example, if claimant had been a bookkeeper, the serious bodily disfigurement which he suffered would not have been compensable as such; and this is definitely pointed out in the case of *Burnette v. Startex Mills, supra* [195 S. C., 118, 10 S. E. (2d), 166], wherein it is stated: "The whole philosophy of our Workmen's Compensation Act is to compensate for, or relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings,

and not to indemnify for any physical ailment or impairment as such, except in the class of cases specifically provided in the Act; to exclude from allowable elements of compensation everything except diminution of earning power. Bodily disfigurement, when shown to affect this earning power, is therefore logically an element of compensation specifically provided for in the Act, to the extent therein covered, and we have heretofore so applied the Act."

Under the facts of this case and for the reasons above stated, the order appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.