15307

HAYNES v. WARE SHOALS MFG. CO. ET AL.

(15 S. E. (2d), 846)

*Messrs. Grier, McDonald & Todd* and *Mr. Howard L. Burns,* all of Greenwood, for appellant,

*Mr. W. K. Charles,* of Greenwood, for respondent,

August 5, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This is an appeal from an order of the Circuit Court affirming an award by the Industrial Commission, confirming that of the hearing commissioner, of $450.00 for serious bodily disfigurement under the terms of the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, p. 1231. There is one exception, charging error in that there was insufficient testimony that the injury has lessened the earning capacity of claimant or deprived him in whole or in part of ability to obtain employment. We may say that it is now axiomatic that if there is any competent evidence sustaining a finding of fact of the commission such is binding upon the Courts. *Hamilton v. Little et al.,* S. C., 15 S. E. (2d), 662. Thus we take the exception to mean and consider it as appellants have argued it, that

there was no evidence before the commission whereon the award could be based.

Claimant is a lifelong carpenter and as such had been in the employ of the Manufacturing Company for seventeen years when he suffered a compensable accident whereby he completely lost the first joint or distal phalange of the thumb on his right hand. He returned to work after a few days and was placed at duties which did not require the use of his hand and for which he received lower wages than he had been earning and was paid $2.00 per week as compensation. The record is not clear as to when he recovered from his injury sufficiently to return to his capacity as a carpenter, but it was apparently in about a month or six weeks from the time of the injury. There is no controversy concerning the award thereabout or for medical attention. The question is solely of the propriety of the award for disfigurement.

The decision of the case is controlled by the authority of the very recent cases of *Tinsley v. Walgreen Drug Company et al.*, S. C., 15 S. E. (2d), 667, and *Jewell v. Pond Co. et al.*, S. C., 15 S. E. (2d), 684. The point was aptly put in the first paragraph of the opinion in the last-cited case, to wit, whether the commission may make an award for bodily disfigurement in addition to other awards when the injury resulted in the amputation of a member and there is no evidence of any condition not normally present in the case of an amputation.

Appellants argue forcefully that the fact that at the time of the hearing the claimant had returned to his former carpenter crew and was receiving his full wages, the same as before the accident, is conclusive that the requirements for an award for disfigurement, that earning capacity had been adversely affected and ability to obtain employment reduced, had not been met. There was testimony by claimant that he was unable to pick up his pencil or nails with his right hand as he had before; and his foreman, a witness for appellants, testified on cross examination that he would not say positively that the injury had not left claimant less capable

of performing his duties as a carpenter and less able to thereby earn a livelihood. The physician testified to a permanent disability.

In addition to this testimony the hearing commissioner and the commission had before them the claimant himself, which was important evidence, as is pointed out in *Hamilton v. Little, et al., supra.* It seems to us a reasonable conclusion, if not a necessary one, that a carpenter's loss of the first joint of his thumb, particularly on his right hand, will handicap him in his work and in his ability to obtain employment in the future. It might well be that if claimant were of another occupation, such would not be the case, *Jewell v. Pond Company et al., supra.* Certainly there was evidence upon which the award was based. The injury comes within the definitions by this Court of disfigurement; it is serious and permanent, and has left claimant's right hand in a condition equivalent to deformity.

The fact that the claimant was of the same employment status at the time of the hearing is not necessarily controlling. It was one of the circumstances for the consideration of the fact-finding body, the commission. In *Tinsley v. Walgreen Drug Company et al., supra,* the claimant at the time of the hearing was working for another employer at the same sort of occupation and at practically the same wages ($7.50 against $8.00 per week) and there was no testimony that she had been refused employment because of her disfigurement, but the physical fact of the latter and its probable consequences found by the commission in the making of the award were not overcome by claimant's employment status at the time of the hearing.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.