15645

MONTGOMERY v. YORK MILLS, INC., *ET AL.*

(30 S. E. (2d), 68)

December, 1943.

Messrs. *Osborne, Butler & Moore,* of Spartanburg, S. C., Counsel for Appellant,

Messrs. *Finley & Spratt,* of York, S. C., Counsel for Respondent,

May 4, 1944.

Mr: Chief Justice Baker delivered the unanimous Opinion of the Court:

The only issue in this case is correctly stated by the appellants: "May an award for serious bodily disfigurement be made under the South Carolina Workmen's Compensation Act (1942 Code, Section 7035-34 (t) where the injured employee is totally and permanently disabled by reason of complete paralysis below the waist, and is being com-

pensated for total disability under the provisions of the section of the Workmen's Compensation Act providing compensation for total disability (Code, Section 7035-32)?"

As a practical matter, the issue may be stated: Do the amendments to the South Carolina Workmen's Compensation Act adopted in 1941 as provisos at the end of Section 31 (t) (Code of 1942, Section 7035-34) in any wise affect the decision of this Court in *Burnette v. Startex Mills,* 195 S. C., 118, 10 S. E. (2d), 164, 166?

The said amendments read as follows: "Provided, further, that disfigurement shall also include the loss or serious or permanent injury of any member or organ of the body for which no compensation is payable under the schedule of specific injuries set out in this section. And, provided, further, that in cases of bodily disfigurement it shall not be necessary for the employee to prove that disfigurement handicaps him in retaining or procuring employment, or that it interferes with his earning capacity."

Section 31 (r) of the Act declares the bodily disfigurements or injuries which shall constitute total and permanent disability, and directs that such disability be compensated according to the provisions of Section 29 of the Act. This last-mentioned Section declares the rate of compensation for total disability.

Without relating the horrible disability suffered by the respondent, it is sufficient to say that it is conceded by all parties to this suit that the respondent is totally and permanently injured and disabled, and that he is being paid the full compensation to which he is entitled under Section 29; and in addition thereto, the appellants have paid out on account of the respondent up to and inclusive of February 1, 1944, for hospital, medical, physicians, nurses and other expenses, the sum of $7,804.21 and since February 1, 1944, have been paying additional expenses of approximately $475.00 per month. It is also conceded that if the 1941 amendments are apposite, then the maximum amount of

$2,500.00 for bodily disfigurement would be payable in addition to the compensation provided under Section 29 of the Act, provided both do not exceed the sum of $6,000.00.

In addition to sub-section (r) of Section 31 of the Act, providing that "the loss of both hands, or both arms or both feet, or both legs, or both eyes, or any two thereof shall constitute total and permanent disability, to be compensated according to the provisions of section 29", the very sub-section of Section 31, to which the 1941 amendments were made, itself provides that the loss of the members detailed in sub-section (r), shall be deemed permanent and total disability, "and shall be compensated under section 29."

In *Burnette v. Startex Mills, supra*, the question involved was whether an award for disfigurement could be made in addition to an award for total disability under Section 29. In passing upon this question, the Court said:

"When in consequence of the accident, as in the case at bar, total and permanent disability is shown, and the statutory award is made therefor, this automatically excludes any further allowance. For to add an award for bodily disfigurement would be to go beyond the whole scheme of our Workmen's Compensation legislation.

"In this light, bodily disfigurement is no different in legal contemplation from such matters as pain, humiliation, etc. While these are elements of recovery at common law, they have no place in the schedule of compensation provided by the Workmen's Compensation Act."

By the first amendment there was simply added unscheduled members and organs of the body to the scheduled members in Section 31 as subjects for an award for bodily disfigurement, apparently having as its genesis the opinion of this Court in *Manning v. Gossett Mills*, 192 S. C., 262, 6 S. E. (2d), 256.

The admitted total and permanent disability in this case makes it unnecessary that we discuss the second proviso

(amendment). Indeed, the respondent bottoms his right of recovery upon the first proviso (amendment).

We find no word or words in the amendments of 1941 indicative of the intent of the Legislature to change the rule announced in the *Burnette case,* although the Legislature knew, when it passed these amendments, that this Court had held that cases of total and permanent disability were compensable under Section 29, and that no compensation additional thereto was recoverable under Section 31. As stated in appellants' brief, "the legislature, if it had intended to change the rule in the *Burnette case,* would have used language designed for that purpose in connection with Section 31 (r) and 31 (t). By those sections it is expressly provided that cases of total disability shall be 'compensated according to the provisions of Section 29.' If, in addition to the compensation provided by Section 29 to which such cases of total disability were expressly referred, the Legislature had intended that there should be a disfigurement award, then Section 31 (r) and 31 (t), in this respect, would have been amended by simply adding a proviso that such cases of total disability should be compensated according to the provisions of Section 29 and by a proper award for disfigurement."

The judgment appealed from is reversed, and the case remanded for the entry of judgment in favor of appellants.

Messrs. Associate Justices Fishburne, Stukes, Taylor and Oxner concur.