## 15651

### INGLE v. DUNEAN MILLS ET AL.

(30 S. E. (2d), 301)

December, 1943.

*Messrs. Mann & Arnold,* of Greenville, S. C., Counsel for Appellants,

*Mr. W. D. Workman,* of Greenville, S. C.; Counsel for Respondent,

May 16, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

This appeal brings up for review an award of workmen's compensation by the Industrial Commission. On appeal from

the Hearing Commissioner his findings and award were affirmed by a majority of the Commission without opinion. They are here reproduced for a full understanding of the controversy.

"Opinion and Award of Hearing Commissioner
Statement of Case

"This hearing arose out of an admitted accident occurring on May 13, 1940 for which an agreement was entered into, compensation was paid at the rate of eleven and 41/100 ($11.41)' dollars per week through August 20, 1940. An operation was performed by Dr. Jack Parker on May 20, 1940, for herniorrhaphy. The record shows that claimant returned to work on August 21, 1940, at 11 P. M. Compensation was paid for fourteen and 2/7 (14-2/7) weeks for temporary total disability, nothing having been paid for permanent disability.

"The defendants now take the position that all compensation due has been paid and plead the statute of limitations.

"On August 21, 1941, Mr. W. D. Workman, attorney, took up with the Commission, at the request of Mr. Ingle, the question as to whether any permanent disability had been determined and requested the name of the carrier. The Commission answered this letter giving the information requested and on September 24, 1942, Mr. Ingle made a request for a hearing of his case stating that he and the carrier were unable to agree because 'on my discharge from the hospital, June 18, 1940, following operation, I was assured that I would have no permanent injury, but my left testicle has completely atrophied, with resulting loss of function. I believe I am entitled to recover, and the insurer denies this. Signed Otis Ingle.' This request for hearing was taken before the full Commission and the request was granted by the Commission. Dr. W. H. Powe testified that he examined Mr. Ingle on December 30, 1941, and his findings were, "Atrophy of the left testicle, has no glandular tissue, no

sensation in gland as normally found. This condition is due to interference with blood supply to the testicle and could be due to the operation performed for hernia. It affects his nervous condition, it also affects some of his male characteristics, with the loss of both testicles one loses all his male characteristics. The loss of the testicle cannot be restored, there is no sensation to pressure but pressure on the operative scar indicates pain.' In Dr. Powe's opinion the loss of a testicle is equivalent to the loss of an eye. He thinks in his present condition he would be hampered in performing his normal duties.

"Dr. Mordecai Nachman examined Mr. Ingle on October 9, 1941, and found atrophy of the left testicle. In his opinion there is no disability because of the loss of the testicle, but the pain he has in the operative scar would hamper him in his work. The history showed that he had swelling of the testicle immediately following the operation.

"Dr. Jack Parker testified that the pain probably could be relieved by another operation but it would in all probability cause a greater disability to re-open the scar and fascia to find a nerve caught and maybe he would be worse afterwards.

"Mr. Ingle testified that when he returned to work he was told by Dr. Parker that the feeling would return to his testicle in a year or two. He says he is nervous all the time and when he is at work and leans over or is on his feet the pain comes in his groin and he has to sit down and rest.

"He has been at work for Dunean off and on for seven years and is now earning considerably more than he was earning at the time he was injured.

"After his operation his testicle swelled up and Dr. Parker had ice bags applied. He had considerable pain then and it continued after he was discharged and returned to work.

"Findings of Fact

"1. All parties to this claim are subject to and bound by the provisions of the South Carolina Workmen's Compensation Act [Act July 17, 1935, 41 St. at Large, p. 1231].

"2. Claim was filed with this Commission on August 21, 1940, for permanent disability.

"3. Compensation was paid for fourteen and two-sevenths (14-2/7) weeks from the date of injury to August 21, 1940, at rate of eleven and 41/100 ($11.41) dollars per week.

"4. The claimant was operated on for hernia on May 28, 1940, and now as a result of that operation has a loss of the left testicle and pain in the operative scar which hampers him in performing his normal duties and is in fact a partial disability.

"5. The earning capacity or ability to obtain employment has not been lessened as a result of this accident.

"6. There is a question as to when the claimant found out about the permanent loss of the testicle. He was first informed by Dr. Nachman on October 9, 1941.

"7. From the testimony of either doctor it cannot be determined the exact extent of disability.

"Conclusions of Law

"Under the *Manning case* ([*Manning v. Gossett Mills*], 192 S. C., 262, 6 S. E. (2d), 256) decided by the South Carolina Supreme Court on December 14, 1939, and prior to the amendment approved on May 20, 1941, an award could not be made for a serious bodily disfigurement for the loss of a testicle. In this case it has been shown that as a result of the loss of the testicle he is extremely nervous and has pain in the lower region. Dr. Henry H. Kessler, an eminent authority on the medico-legal aspects of Workmen's Compensation cases in his book, Accidental Injuries 1931-1932, says on page 426 regarding loss of testicle, 'that it is commonly due to the loss of blood supply in operations for hernia and varicocele, it is unaccompanied by pain and is

gradual in onset. The loss of one testicle is not followed by any change in the physiological condition of the individual or in his ability to procreate. There is a compensatory hypertrophy of the spermatic structure, as well as the interstitial glands supplying the endocrine substances, so that the only loss sustained is that of the safety factor. This is part of nature's plan of conservation to have more than enough structure to carry on during emergencies, functions which might be lost or impaired. In view of the fact that there is no functional loss outside of the safety factor, the author has set up an arbitrary estimate of ten (10%) per cent permanent partial disability.'

"See *Coca-Cola Bottling Works v. Lilly,* 154 Md., 329, 140 A., 215, in which permanent partial of ten (10%) per cent upheld for loss of testicle. In this case he was not able to work for more than a year after accident, and it was found that his earning power had been hampered.

"Aside from the loss of testicle this man is entitled to further medical treatment or operation to lessen the pain in operative scar, but in view of the fact that his wage rate is so much higher now than at the time of injury, and he has shown that he can bear this pain and the result of an operation would be in doubt, it is best not to attempt an operation at this time.

"Award

"The defendant is directed to pay the claimant compensation for ten (10%) per cent permanent partial disability for loss of testicle which is to run for two hundred eighty-five and four-sevenths (285-4/7) weeks at the rate of one and 141/1000 ($1.141) dollars per week from August 21, 1940."

On appeal the Circuit Court found error in the consideration by the Commission of the book, "Accidental Injuries," which was not in evidence at the hearing and not referred to in the testimony, but held there was other evidence to support the findings of the Commission, and that, therefore,

the error was harmless. Other exceptions were overruled and the award affirmed.

The case is here on appeal therefrom upon three exceptions, in substance as follows: (1) that the evidence of disability subsequent to August 20, 1940, as defined by law, was insufficient; (2) that claim was not filed with the Commission within the time required by law; and (3) that it was not harmless error for the Commission to go outside of the record and base their findings on a medical textbook not in evidence, thereby denying to appellants the right of meeting the statement contained in the book or contesting its admissibility in evidence.

It is seen that sustention of the first exception will make unnecessary the consideration of the others and that course will be followed for exception (1) must be sustained.

The accident, for which claimant received compensation during the resulting period of total disability and for which medical, hospital and surgical attention was provided under a previous award of the Commission, occurred before the amendment of the Compensation Act, approved May 20, 1941, 42 St. at Large, p. 221, so is not governed by it. Before the passage of this amendment the loss of the organ complained of in this case, in the absence of resulting detriment to the earning capacity of the employee, was not compensable under the law; it was not disfigurement under the Act as it then existed for it did not adversely affect the victim's earning power or ability to obtain employment. *Manning v. Gossett Mills*, 192 S. C., 262, 6 S. E. (2d), 256; *Johnston v. Sam E. Finley Construction Co.*, 192 S. C., 392, 7 S. E. (2d), 1. These authorities leave no room for an "arbitrary" award for the loss, under the Act as it existed at the time of the injury under review.

The amendment of 1941, inapplicable here for the reason stated, has changed the law in this respect. It was said in the opinion in our recent case of *Montgomery v. York Mills,*

*Inc., et al.,* 204 S. C., 469, 30 S. E. (2d), 68, referring to the first clause of the amendment, that it, "simply added unscheduled members and organs of the body to the scheduled members in Section 31 as subjects for an award for bodily disfigurement, apparently having as its genesis the opinion of this Court in *Manning v. Gossett Mills,* 192 S. C., 262, 6 S. E. (2d), 256." .

The rule, therefore, applicable to this case is that the loss or atrophy of the organ of claimant, of which he complains, is not compensable for the obvious reason that it does not adversely affect his earning capacity or his ability to obtain employment. And that is the controlling issue for it was for that loss that the award was made. See copy of it above. The Commission also expressly found that claimant is earning considerably more, working for the same employer, than at at the time of the injury. And the evidence in the record shows that the increase amounts to about one hundred per cent and that claimant is working longer hours and making overtime pay. In the findings of fact, *supra,* is a finding, Number 4, of, quoting, "pain in the operative scar which hampers him in performing his normal duties and is in fact a partial disability." But the award does not purport to be for any such disability; it was plainly and only for the loss of the organ, which was not a compensable injury at the time of this accident, in the absence of detriment to earning power resulting from that loss.

Workmen's compensation, except specific benefits and that allowed for disfigurement under the present law, is for loss or impairment of capacity to obtain employment and earn wages. The following quotations are from the digests of the cited decisions found in 34 S. E. Dig., Pocket Part, Workmen's Compensation, Key 8:

"The criterion of injured employee's right to compensation under Workmen's Compensation Act is whether his injury lessened his earning capacity and deprived him wholly

or partly of power to obtain employment." *Manning v. Gossett Mills, supra.*

"The object of the Workmen's Compensation Act is to compensate for, or to relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings, and not to indemnify for any physical ailment or impairment as such, except in the classes of cases specifically provided in the act, and to exclude from allowable elements of compensation everything except diminution of earning power." *Burnette v. Startex Mills,* 195 S. C., 118, 10 S. E. (2d), 164.

"The object of the Workmen's Compensation Act is to compensate for, or relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings, and not to indemnify for any physical ailment or impairment as such, except in the classes of cases specifically provided in the act, and to exclude from allowable elements of compensation everything except diminution of earning power." *Jewell v. R. B. Pond Co.,* 198 S. C., 86, 15 S. E. (2d), 684.

In the light of the foregoing the additional award for permanent partial disability cannot stand on the record before us.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.