15873

DICKEY v. SPRINGS COTTON MILLS *ET AL.*
(39 S. E. (2d), 501)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants,

*Messrs. Hemphill & Hemphill,* of Chester, for Respondent,

September 16, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

The respondent, Mrs. Janie Dickey, while employed by the appellant, Springs Cotton Mills, on July 29, 1940, sustained an injury by accident, arising out of, and in the course of, her employment. The appellant, Liberty Mutual Insurance Company, is the insurance carrier under the Workmen's Compensation Act for the employer.

Pursuant to notice to the parties, a hearing was held on April 26, 1944, before John H. Dukes, one of the members of the South Carolina Industrial Commission, "To determine the extent of disability, disfigurement and further compensation for medical, and any other questions which may arise under the terms of the law" as a result of which the claimant was awarded compensation for 80% for specific loss of the right leg and 50% specific loss of the left leg under Sec. 31 (p) of the Workmen's Compensation Act, and the further sum of $2,500.00 for serious bodily disfigurement under Sec. 31 (t).

A review before the whole Commission was duly had, and it affirmed the opinion and award of Commissioner Dukes in its entirety, adopting his findings of fact and conclusions of law as those of the full Commission.

Thereafter, appellants duly appealed to the Court of Common Pleas, which, under order dated January 2, 1946, by Honorable A. L. Gaston, affirmed the award of the Industrial Commission. Hence this appeal.

(1) Appellant contends that claimant's disability is total; and she, therefore, is entitled to no other compensation than that provided by Sec. 29 of the act. (1942 Code, Sec. 7035-32).

(2) That there is no evidence upon which an award for 80% loss of the right leg and 50% loss of the left leg can be based.

(3) That there is no evidence that the disability of the left leg was causally connected with respondent's accidental injury.

(4) That respondent is estopped from claiming anything other than total disability.

Appellants also appeal from the order settling the case on appeal contending:

(a) That letter of Dr. A. T. Moore, dated November 20, 1942, should have been included in the transcript of record.

(b) That the circuit court undertook to consider the case on its merits in settling the case on appeal which was error.

This is a most unusual case in that we find the employer and its insurance carrier attempting to prove the claimant totally and permanently disabled and the claimant attempting to show only partial disability. These positions are possibly explained by the opinions of this court in the cases of *Burnett v. Startex Mills,* 195 S. C., 118, 10 S. E. (2d), 164, and *Montgomery v. York Mills,* 204 S. C., 469, 30 S. E. (2d), 68, which hold that when total and permanent disability is shown, all other allowances are excluded.

In the case of *Burnett v. Startex Mills,* 195 S. C., 118, 10 S. E. (2d), 164, the Commission undertook to make an award for bodily disfigurement where the record showed that the claimant was totally and permanently disabled. This court in setting aside such award said:

"When in consequence of the accident as in the case at bar, total and permanent disability is shown, and the statutory award is made therefor, this automatically excludes any further allowance" and this principle was reiterated in the case of *Montgomery v. York Mills,* 204 S. C., 469, 30 S. E. (2d), 68. There can be no doubt that, if the record shows the claimant to be totally disabled, and an award is made therefor, claimant is barred from further allowance. This case is therefore hinged upon the question of whether or not there is any competent evidence to support the findings of the fact-finding body. If there is, this court is without power to pass upon the force and effect of such evidence. If the facts proven are capable as a matter of law

of sustaining the inferences of fact drawn from them by the Industrial Commission, its findings are conclusive in the absence of fraud and neither this court. nor .the Court of Common Pleas is at liberty to interfere with them. *Shehane v. Springs Cotton Mills,* 34 S. E. (2d), 180, 206 S. C., 334. It becomes necessary therefore to review the testimony and in doing so we find that it shows claimant's disability is in her legs; and she, being able to be on her feet about thirty minutes at a time, has not suffered the complete loss of both legs. She has a crashing in her left knee, the right hip was injured in the fall, and right leg and knee partially disabled. She is able to do her housework and although it is uncontradicted that she is unable to do any mill work, it was testified that she kept boarders before her accident, and has continued to do so since, the money derived therefrom being used to defray living expenses. At the request of the insurance carrier on April 22, 1944, four days prior to the hearing before the single Commissioner, claimant submitted herself to apellant's doctor for examination, and by agreement this report, which recommended that claimant be allowed 25% permanent total disability, was received in evidence, thus directly contradicting appellant's contention that she is permanently and totally disabled. Of course an award must be based upon evidence and cannot be based upon surmise, speculation or conjecture. *Parrott v. Barfield Used Parts,* 206 S. C., 381, 34 S. E. (2d), 802.

■■ Appellants contend there is no evidence upon which the award of 80% loss of the right leg and 50% loss of the left leg can be based. The evidence further shows claimant to be suffering from a jammed break in the right hip which is painful, that both her knees have a crashing in the joints, and that her right leg has a sling to it when she walks. That it is necessary to use crutches except for limited movements and that she suffered from none of these prior to the accident. The Hearing Commissioner saw her walk and observed the use she has of her legs; which, coupled with the other· evidence, is sufficient to warrant the Commissioner

and later the Commission as a whole in finding that claimant is entitled to an award for 80% loss of the right leg and 50% loss· of the left leg, and for disfigurement. It is not necessary that claimant show the extent of disability with mathematical exactness and direct evidence of the percentage of a permanent partial loss of normal efficiency is not essential to the determination of such percentage; and it is not essential that a percentage of disability be specified by any witness; but such an award must be based upon evidence which fairly proves the extent or percentage of a disability— see 71 C. J., 1132, paragraph 948 and notes thereunder.

Appellant takes the position that claimant has been paid compensation for total disability for 193 weeks at her compensable rate and that by her acceptance of same over this period of time she is estopped from claiming compensation other than for total disability and relies upon *Comer v. Newberry Cotton Mills*, 201 S. C., 349, 23 S. E. (2d), 19, in which it was held that the Commission's· award of compensation was final as to conditions up to the date of the hearing and subject only to modification because of a change of condition shown to have occurred subsequent to the original hearing. In instant case it is undisputed that from the time of injury, claimant has been constantly under the care and treatment of physicians, none of whom had released her as having reached her maximum healing point until the letter of Dr. A. T. Moore, dated April 22, 1946, written after the examination of claimant on that date, in which he recommends that she be dismissed and that she be allowed 25% of a permanent partial disability and that no award had been made to respondent prior to the one for specific loss and disfigurement, which is the one in question.

■ Appellants ask that judicial notice be taken by the courts of agreements between the parties which are approved by the Commission, and that they be treated as an award. To adopt this view would defeat to a great extent the purpose of the Workmen's Compensation Act as the form approved by the Commission shows on its face that it is of a tem-

porary nature, and is to be in effect only until a hearing can be had and a determination made. It should be borne in mind that it is admitted that claimant was injured in the course of her employment, and therefore entitled to benefits under the Workmen's Compensation Act, that such benefits were paid by appellants who now seek to invoke the doctrine of estoppel, that neither the appellants nor the respondent asked for a hearing and determination prior to the one in question.

██ "No estoppel can be claimed against a person where such person is charged with accepting benefits to which he is entitled, irrespective of the transaction on which the estoppel is asserted." *Hubbard v. Beverly et al.,* 197 S. C., 476, 15 S. E. (2d), 740. 15 Words and Phrases (1946 pocket supplement, p. 119), 135 A. L. R., 1206. Appellants at all times knew the facts and the truth and participated therein; therefore they are not in position to invoke the doctrine of estoppel as a bar to respondent's claim. See Sec. 15 Words and Phrases 1946 cumulative pocket part, p. 135 *et seq.*

██ The last exception imputes error to the Circuit Judge in settling the case on appeal, and seeks to include a certain letter which both the Full Commission and the Circuit Judge determined was not before the Commission at the time the hearing was held. The hearing in this matter before the single Commissioner was held April 26, 1944; the letter in question was not received by the Industrial Commission until August 4, 1944 (the award of the single Commissioner was dated June 28, 1944), more than a month after the opinion of the single Commissioner and seven days after the review was held before the Full Commission on July 28, 1944. The Commission itself stated that the letter was not considered and was therefore properly excluded.

██ Appellants further contend that the Circuit Judge considered the letter because he stated in his order.

"I am of the opinion that, even if this letter had been in evidence before the Commission and considered by it, that

same was immaterial and would not have altered the facts as found by the Commission and certainly would not have caused me to change in any way my view of the case."

Of course the learned judge did not intend to pass upon the facts for the Commission; he only said in effect that in his opinion if it (the letter) had been admitted in evidence, it would not have altered the facts as found by the Commission; and since it was not admitted, this court is unable to see wherein appellants were prejudiced thereby.

It is the opinion of this court that all exceptions should be overruled and it is so ordered.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.